JOHN J. HALLORAN *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester.    March 26, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

In the use of a street of a city the motorman of an electric car and the driver of a
vehicle not running on a track each is bound to use due care to avoid coming
in contact with the other, and neither is entitled to assume that the other will
keep out of his way.

In an action against a street railway company for personal injuries from a collision
between a car of the defendant and a wagon in which the plaintiff was seated
beside the driver, the plaintiff and the driver testified that as they approached
a street, which entered the one they were on at a sharp descending grade
and on which ran cars of the defendant, they were going about four miles
an hour, that before crossing the street the driver " slowed up," that both
looked and saw no car approaching, and listened and heard nothing. The
driver further testified that he first saw the car approaching when his horse's
feet were between the rails of the track, that he turned his horse to the left and
the car struck the left front wheel. At the corner of the intersecting street on
the side from which the car approached there was a large brick factory which
cut off the view of the car tracks. There was a conflict of evidence as to
whether the gong was sounded and as to the speed of the car. The plaintiff
testified that " the car was coming at a great speed." The driver testified that
" it was going at a pretty fast clip." *Held,* that the questions of the due care of
the plaintiff and the negligence of the defendant were for the jury.

LATHROP, J.    This is an action of tort for personal injuries
sustained by the plaintiff in consequence of a wagon in which he
was seated beside the driver being struck by an electric car of
the defendant.    At the close of the evidence for both sides, the
judge of the Superior Court who heard the case directed a ver-
dict for the defendant, and the case is before us on the plaintiff's
exceptions.

The accident occurred soon after one o'clock in the afternoon
of December 17, 1903, at the junction of Piedmont Street and
Chandler Street in Worcester.    The former street is on a level
grade and runs north and south.    The latter street has a sharp
descending grade towards Piedmont Street, and runs east and
west.    On Chandler Street is a line of the defendant's tracks.
Shortly before the accident the plaintiff had been invited by the

driver of the wagon to get upon it.  It appeared in evidence that upon the corner of Piedmont Street and Chandler Street, on the side from which the defendant's car approached, there was a large brick factory, and that it was impossible for one proceeding in the direction in which the plaintiff was going, to obtain a view of Chandler Street and the car tracks of the defendant The distance from the building to the nearest rail was about fourteen feet.

There was evidence that the car struck the left front wheel of the wagon.  Both the plaintiff and the driver testified that while on Piedmont Street they were going about four miles an hour; that before crossing Chandler Street "the driver slowed up"; that both looked and saw no car approaching, and listened but heard nothing.  The driver further testified that as the seat of the wagon passed the cross walk on Chandler Street over Piedmont he first saw the car approaching, and at that time his horse's feet were between the rails of the track; that he turned his horse to the left, and the car struck the wheel.

There was a conflict of evidence as to the speed of the car,* and as to whether the gong was sounded.

We are of opinion on the evidence in the case that the questions of due care on the part of the plaintiff and the driver of the wagon, and of negligence on the part of the motorman of the car were for the jury.

In *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170, 173, it is said: " With some exceptions, pointed out in *Driscoll* v. *West End Street Railway*, 159 Mass. 142, 145, and which are not material to this case, the defendant stands in respect to the use of the street on exactly the same footing as the driver of any other vehicle.  Each is bound to use due care to avoid coming in contact with the other, and neither is entitled to assume that the other will keep out of his way."

The general rule where a collision occurs between an electric car and a wagon at intersecting streets is to leave the questions of due care on the part of the plaintiff and of negligence on the

---

* The plaintiff testified: " The car came thundering down the street.  I mean by that the car was coming at a great speed."  The driver testified " that he could not state how fast the car was approaching, but that it was going at a 'pretty fast clip.' "

part of the defendant to the determination of the jury. *Lahti* v. *Fitchburg & Leominster Street Railway*, 172 Mass. 147. *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542. *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77. *McCarthy* v. *Boston Elevated Railway*, 187 Mass. 493. *Orth* v. *Boston Elevated Railway*, 188 Mass. 427.

Of course the burden of proof is on the plaintiff in these cases to show due care on his part and negligence on the part of the defendant; and if there is no evidence of such care on his part or of negligence on the part of the defendant, the plaintiff is not entitled to recover, and this may be ruled as matter of law. The defendant relies upon four cases : *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542; *Hurley* v. *West End Street Railway*, 180 Mass. 370; *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316 ; and *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533. In the first of these cases the question of the plaintiff's due care was held to be for the jury. In the second and third cases, the evidence showed that the plaintiff exercised no care whatever, and it was held that the plaintiff could not recover. In the last case a woman attempted to cross the street railway tracks ten feet in front of an electric car, and it was held that she could not recover. The case at bar is clearly distinguishable.

*Exceptions sustained.*

*J. R. Thayer, A. P. Rugg & H. H. Thayer*, for the plaintiff.
*F. H. Dewey, C. C. Milton & C. Bullock*, for the defendant.