JAMES D. EUSTIS vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk. April 8, 1910. — May 19, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Street railway, In use of highway. *Evidence,* Presumptions and burden
of proof. *Practice, Civil,* Conduct of trial, Ordering verdict.

At the trial of an action against a street railway company for personal injuries and
damages to the plaintiff's horse and buggy, alleged to have been caused by the
negligent operation of an electric street car of the defendant which ran into the
buggy, there was evidence tending to show that the plaintiff with the horse and
buggy was travelling upon a public way in Boston observing the law of the road,
that, as he approached an intersecting street car track of the defendant and was
fifteen or twenty feet from it, he observed a car of the defendant at a standstill
sixty feet or more distant, that he started to drive across the track, thinking that
he might do so with safety, but that the car ran into the rear wheel of the buggy.
*Held,* that the questions, whether the plaintiff was in the exercise of due care
and whether the employees of the defendant were negligent, were for the jury.
If at the trial of an action the plaintiff himself is the only witness who testifies in
his behalf, and his evidence is contradictory, nevertheless, if the jury by believ-
ing some of his testimony would be warranted in finding in his favor, the pre-
siding judge ought not to order a verdict for the defendant.

TORT for personal injuries and damages to the plaintiff's horse
and buggy caused by an electric car of the defendant running
into the buggy as the plaintiff was crossing the defendant's street
car tracks in Charlestown near the Sullivan Square terminal of
the elevated railway. Writ dated December 22, 1906.

The case was tried before *Brown,* J. The material facts are
stated in the opinion. There was but one witness for the plain-
tiff, the plaintiff himself. At the close of the evidence the judge
ordered a verdict for the defendant; and the plaintiff alleged
exceptions, it being " agreed by the parties " that if the ruling
was wrong, judgment was to be entered for the plaintiff in the
sum of $500, and that otherwise the verdict was to stand.

The case was submitted on briefs.

*D. H. Coakley, R. H. Sherman & W. Flaherty,* for the plaintiff.

*R. A. Stewart & L. R. Chamberlin,* for the defendant.

RUGG, J. There was evidence from which it might have been
found that the plaintiff, travelling in a horse-drawn vehicle upon

a public way and observing the law of the road, approached at a right angle the tracks of the defendant, and, when fifteen or twenty feet from them, saw a car at a standstill sixty feet or more away. Thinking that he might do so with safety, he started to drive across the tracks and was injured by the car striking his rear wheel. The case, therefore, should have been submitted to the jury under many recent authorities. *O'Brien* v. *Lexington & Boston Street Railway*, 205 Mass. 182. *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410. *Callahan* v. *Boston Elevated Railway*, 205 Mass. 422. *Carroll* v. *Boston Elevated Railway*, 205 Mass. 429. *Wright* v. *Boston & Northern Street Railway*, 203 Mass. 569. *Robbins* v. *Dartmouth & Westport Street Railway*, 203 Mass. 546. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232. *Stubbs* v. *Boston & Northern Street Railway*, 193 Mass. 513. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104.

The chief argument urged in behalf of the defendant is that in some of its aspects the testimony of the plaintiff was so contradictory that it could not be true. But whether any of this evidence and how much of it was worthy of belief was a question of fact.

In accordance with the terms of the agreement of the parties the entry must be

*Judgment for the plaintiff in the sum of $500.*