MARY E. A. DOHERTY *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

WILLIAM B. DOHERTY *vs.* SAME.

Essex.   November 3, 1910. — November 21, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence.   Street Railway.   Joint Tortfeasors.*

In an action against a street railway corporation for personal injuries sustained while the plaintiff was being transported as a passenger in an open electric car of the defendant, there was evidence, that the car came in collision with a horse and wagon at the junction of two intersecting streets, that the car could not be seen by travellers on the intersecting street nor could the motorman of the car see such travellers until the car nearly had reached the corner, that the collision occurred about twenty-five feet from the point where the motorman first came in sight of the wagon, that the rate of speed of the car was seven or eight miles an· hour, that two persons who were in the wagon heard no bell or gong sounded, that the force of the collision threw the horse to the ground, and that the plaintiff, while either rising or turning in her seat to signal to the conductor, was thrown by the jolt of the collision against the edge of the seat and was injured. It further appeared that the collision took place in broad daylight on an unobstructed street. *Held*, that there was evidence of negligence on the part of the defendant toward the plaintiff as a passenger.

If a person, while being transported as a passenger on a car of a street railway corporation, is injured by reason of a collision of the car with a horse and wagon, which was caused by the concurrent negligence of the motorman of the car and of the driver of the wagon, the railway corporation operating the car is liable to the passenger for his injuries.

TWO ACTIONS OF TORT, the first action by a married woman for personal injuries sustained on July 28, 1908, at a little after 11.25 A. M., while the plaintiff was being transported as a passenger on an open electric car of the defendant, by reason of a collision of the car with a horse and wagon at the intersection of Flint Street with Boston Street in Lynn, as the car was going along Boston Street on the single track at the side of that street about four or five feet from the sidewalk; and the second action by the husband of the plaintiff in the first action for loss suffered in consequence of her injuries.    Writs dated November 4, 1908.

In the Superior Court the cases were tried together before *Stevens,* J.    The essential facts which could have been found upon the evidence are stated in the opinion.    At the close of the evidence the defendant asked the judge to rule (1) that upon all the evidence the plaintiffs were not entitled to recover and (2) that there was no evidence of negligence on the part of the defendant, its servants, agents or employees.    The judge refused to make either of these rulings, and submitted the case to the jury under instructions to which no exception was taken.

The jury returned a verdict for the plaintiff in the first case in the sum of $1,200 and a verdict for the plaintiff in the second case in the sum of $225.    The defendant alleged exceptions.

*S. Parsons,* (*H. A. Bowen* with him,) for the defendant.

*R. L. Sisk,* (*J. H. Sisk* with him,) for the plaintiffs.

RUGG, J.    The female plaintiff (hereafter referred to as the plaintiff) seeks to recover for personal injuries received, while a passenger in one of the defendant's cars, by reason of its collision at the junction of two streets with a horse-drawn covered wagon. The track of the defendant was on the side of the street.    View of the car by travellers upon the intersecting street, as well as the vision of the motorman of travellers upon that street, was obstructed until the car had nearly reached the corner of the streets.    There was evidence that the speed of the car was seven or eight miles an hour, and that the collision occurred about

twenty-five feet from the point where the motorman first came in sight of the wagon.  Three persons were riding in the wagon, two of whom testified that they did not hear any gong or bell. Their situation was such as to make these statements some evidence that the bell or gong was not sounded.  *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453.   There was evidence that the plaintiff, while either rising or turning in her seat to signal the conductor, was thrown by the jolt of the collision against the edge of the seat and injured.

This is not a case where the only evidence as to the jar complained of as the cause of the injury consisted of declamatory epithets, as in *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, 335.  Here was the definite physical fact of a collision between a car and a horse of such force as to throw the latter to the ground, followed by the stopping of the car.  From these circumstances the jury might draw inferences as to the probable effect upon passengers inside the car.  Nor is this a case where there is an unexplained shock of a moving car like *Timms* v. *Old Colony Street Railway,* 183 Mass. 193, or a usual motion of a well managed car on a good track as in *Byron* v. *Lynn & Boston Railroad,* 177 Mass. 303.  The plaintiff offered evidence of an uncommon movement of the car due to an extraordinary cause.  If there was evidence that this cause was attributable to negligence in the operation of the car, she was entitled to go to the jury.  *McGann* v. *Boston Elevated Railway,* 199 Mass. 446.

The defendant was bound to use toward the plaintiff as its passenger the highest degree of care consistent with the reasonable performance of its duty as a common carrier.  Toward other travellers upon the highway it was required to exercise only the ordinary care of a prudent person.  It is the general rule, in actions for injuries caused by a collision between an electric car and a wagon at intersecting streets, to leave the question of the negligence of the motorman to the determination of the jury. *Halloran* v. *Worcester Consolidated Street Railway,* 192 Mass. 104.  *Eustis* v. *Boston Elevated Railway,* 206 Mass. 143, and cases cited.  *Evensen* v. *Lexington & Boston Street Railway,* 187 Mass. 77.  Where the burden resting upon the present plaintiff was only to introduce evidence from which a failure might be inferred, to use the high degree of care in avoiding collision, to

which she was entitled as a passenger, the reason is stronger for submitting that question to the decision of a jury than in the case of a collision between two travellers having equal rights and subject to the same obligations upon the way. The omission by the motorman to give any warning of the approach of the car, coupled with the fact of the collision in broad daylight on an unobstructed street, was enough to support a finding of failure of the duty owed to the plaintiff. Even if the injury of the plaintiff resulted from the concurrent negligence of the driver of the wagon and of the motorman, she might recover against the defendant. *Corey* v. *Havener*, 182 Mass. 250.

*Exceptions overruled.*