CONSTANTINE COKINOS *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 9, 1911. — May 20, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action against a street railway company for personal injuries due
to a horse and wagon which the plaintiff was driving being run into by a car of
the defendant, it was undisputed that as the plaintiff approached from a cross
street a broad street, which was straight for a long way in both directions and in
the middle of which the defendant maintained double surface car tracks between
rows of iron pillars supporting elevated tracks, he saw a car approaching upon
the tracks nearest to him from the direction in which he desired to go, and, in
order to avoid crossing the tracks in front of that car, he drove along the broad
street on the left hand side thereof until the car had passed, when he turned to
cross both the tracks and his wagon was struck at the front axle by a car which
approached from his right; that the plaintiff was familiar with the locality and
was an experienced driver, and that his horse and wagon and harness were in
proper condition and the wagon was loaded moderately, that there was a clear
view down the street in the direction from which the car came and nothing to ob-
struct such view, and that it was raining very hard at the time. The plaintiff
testified that he looked both ways and saw no car. *Held*, that on the undisputed
facts there was no evidence of due care on the part of the plaintiff and that there-
fore the action could not be maintained.

TORT for personal injuries and damages to the plaintiff's team,
caused by a collision with a car of the defendant on Washington
Street in Boston near Springfield Street. Writ dated Novem-
ber 14, 1907.

In the Superior Court the case was tried before *Brown*, J.,
who ordered a verdict for the defendant and reported the case
for determination by this court.

The facts are stated in the opinion.

*F. H. Blackwell*, for the plaintiff.

*W. Kittredge*, (*M. J. Sullivan* with him,) for the defendant.

HAMMOND, J.    While driving home one Saturday evening in
September, the plaintiff's team came into collision with a car
controlled by a servant of the defendant, and his horse, carriage
and merchandise were damaged.

The plaintiff testified as follows as to the circumstances of the
collision : " When he reached Washington Street on Massachu-

setts Avenue he saw a car coming from Northampton Street a little south of Massachusetts Avenue the car running north towards Boston. To avoid crossing the rails in front of this car, he turned into the left and proceeded along the left hand way which is on Washington Street between the elevated structure and the left hand sidewalk going north. He passed along on this side for a distance of about three hundred feet until near to Springfield Street, the next cross street south of Massachusetts Avenue. The car going north having passed, he turned to cross the tracks at the posts nearest to the stone crosswalk on Springfield Street to go to the right hand side of Washington Street in the direction in which he was going. When his team was across the out bound set of rails, those nearest to the plaintiff's path, his team was struck at the front axle and the left hip of the horse by a car going south toward Roxbury. The wagon was tipped over, the horse knocked down and freed from the wagon and the plaintiff thrown from his seat to the ground. The wagon and the horse were pushed along ten or twelve feet. He was familiar with the locality having done business around there for four or five years and knew that Washington Street, at and about the scene of the accident, was a big wide street, straight for a long way in both directions and that the defendant maintained double tracks thereon over which surface cars run in and out of town quite often." He further testified that " as far as traffic was concerned there was nothing in front of him and that he had a clear view north down Washington Street"; that it was raining very hard, that he was an experienced driver, that the reins were secure, the horse properly hitched, that the team was of moderate weight and loaded with boxes, and that the wagon was a covered wagon with the sides rolled up or open. He also testified that before crossing the tracks he looked both ways and did not see this car.

The car was coming directly toward him at the moment he turned to cross and was in sight all the time. It was so near him that it struck the horse before the wagon had got on the track. It is not a case where he saw the car and thought he had time to get over the track. There is no reason why he should not have seen the car. If he looked, he looked carelessly.

While ordinarily in cases of collision between vehicles upon the highway the questions of due care and negligence are for the jury, yet where as in this case the undisputed facts show want of due care on the part of the plaintiff, it is the duty of the court in this class of cases as in any other to apply the law. In the opinion of the majority of the court the case, while not free from difficulty, must be classed with cases like *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249, and cases therein cited.                          *Judgment on the verdict.*