EDWARD W. SMITH vs. HOLYOKE STREET RAILWAY
COMPANY.

Hampshire.    September 19, 1911. — October 21, 1911.

Present: RUGG, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Due care of plaintiff, Street railway.    *Witness,* Contradiction.

In an action against a street railway corporation for personal injuries caused by
being run into by an electric car of the defendant as the plaintiff was driving
with a horse and buggy from a cross road into a street on which the defendant
operated its railway, if the plaintiff testifies in substance that, as he approached
the street in which the defendant's tracks were, he was looking and listening
for a car and that he neither saw nor heard any car and heard no gong until his
horse was upon the track, when he saw an approaching car from sixty to ninety
feet away, and that he used every effort to avoid a collision without avail, and
if on the evidence it can be found that the plaintiff's view of the approaching
car was obstructed to some extent by a hedge, the question whether the plaintiff
was in the exercise of reasonable care is for the jury.

In an action against a street railway corporation for personal injuries caused by
being run into by an electric car of the defendant as the plaintiff was driving
with a horse and buggy from a cross road into a street on which the defendant
operated its railway, where there is evidence in regard to the speed of the car,
the time of sounding the gong or giving other warning of its approach, the
obstructions to the view of travellers near the intersection of the ways, the dis-
tance within which the car could have been stopped, the distance which it went
after the collision, and the point where the motorman first could have seen the
plaintiff's horse come upon the track, and there is testimony of the motorman
that he did not reverse the power earlier because he thought the plaintiff
" would stop for he ought to have heard the bell," the question whether the
defendant's motorman was negligent is for the jury.

In an action against a street railway corporation for personal injuries caused by
being run into by an electric car of the defendant as the plaintiff was driving
with a horse and buggy from a cross road into a street on which the defend-
ant operated its railway, a witness, called by the plaintiff, testified that he was
a passenger on the car at the time of the accident, that he did not hear the gong
of the car rung until the collision " or just a second before," and that " when the
motorman saw the position he was in then he rang his bell," that there was
something unusual that attracted the witness's attention before the accident,
and that he thought the speed of the car just before the accident was thirteen
miles an hour, although he was not a good judge of the speed of a car.    There-
upon the defendant offered to show that the witness immediately after the col-
lision, on giving his name and address to the conductor, said, " If there is anything
further you want of me, you will find me there, because it is no fault of you
people."    The presiding judge excluded this evidence.    *Held,* that the exclusion
of the evidence failed to show any harmful error; that the opinion of the wit-
ness in regard to the fault of the defendant plainly was immaterial to show such

fault, and that the holding of that opinion by the witness was not so incompatible with the facts testified to by him as to require its admission for the purpose of discrediting his testimony.

Tort for personal injuries alleged to have been sustained on July 6, 1908, by reason of the negligence of the servants of the defendant in running an electric car at an unreasonable and dangerous rate of speed and causing it to strike the buggy in which the plaintiff was and the horse which he was driving, as the plaintiff was turning from a cross road into Pleasant Street in Amherst. Writ dated October 3, 1908.

In the Superior Court the case was tried before *Stevens*, J. The evidence material to the decision is described or sufficiently referred to in the opinion. At the close of the evidence, the defendant asked the judge to rule that the plaintiff was not entitled to recover. The judge refused to make this ruling, and also refused to make certain other rulings requested by the defendant, and submitted the case to the jury, submitting to them also the question, " Was the plaintiff in the exercise of due care ? " To this question the jury answered " Yes," and returned a general verdict for the plaintiff in the sum of $535.47. The defendant alleged exceptions.

*W. H. Brooks & W. Hamilton*, for the defendant, submitted a brief.

*W. J. Reilley*, for the plaintiff.

Rugg, C. J.    This is an action of tort to recover for damages sustained by the plaintiff through a collision with a car of the defendant, which occurred near a corner of two public ways in the town of Amherst.

The plaintiff, who was driving with a horse and buggy, testified in substance that as he approached the street, in which were the tracks of the defendant, he was looking and listening for a car all the way until his horse was on the track, and that he neither saw nor heard any car and heard no gong until his horse was upon the track, when first he saw an approaching car sixty to ninety feet away, and that he used every effort to avoid a collision without avail. It appears to be not open to doubt that the view of any one riding in such a vehicle as the plaintiff had was obstructed to some extent by an evergreen hedge. There was evidence from which the jury might have found that the

plaintiff could have seen the upper part of the car above the hedge, but it could not have been ruled that upon all the evidence they were bound to make such a finding. In view of these considerations, whether the conduct of the plaintiff conformed to the standard of reasonable care presented an inquiry of fact.

It has been said frequently that where a collision occurs at intersecting streets, between an electric car and a horse drawn vehicle, the general rule is to leave the questions of due care on the part of the plaintiff and of negligence on the part of the servants of the defendant to the jury. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Eustis* v. *Boston Elevated Railway*, 206 Mass. 143, and cases there cited. *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519. While cases sometimes arise which are so plain in their facts as to permit of no other reasonable construction than want of due care on the part of the plaintiff (see, for example, *Cokinos* v. *Boston Elevated Railway*, 209 Mass. 225, *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340, and cases cited), the present case falls within the general rule. The speed of the car, the time of sounding the gong or giving other warning of its approach, the obstructions to the view of travellers near the intersection of the ways, the distance within which the car could have been stopped, the distance the car went after the collision, and the testimony of the motorman, that " I didn't reverse earlier because I thought he [the plaintiff] would stop, for he ought to have heard the bell," and the point where the motorman first could have seen the plaintiff's horse come upon the track, were all circumstances to be weighed in determining whether the defendant's motorman was negligent.

One Sparrow, called as a witness by the plaintiff, testified that he was a passenger on the car at the time of the accident, that he did not hear the gong of the car rung until the collision " or just a second before, when the motorman saw the position he was in then he rang his bell," that "there was something unusual that attracted " the witness's attention before the accident, and that he thought the speed of the car just before the accident was thirteen miles an hour, though he was not a good judge of the speed of a car. Thereupon the defendant offered to show that the witness,

immediately after the collision, on giving his name and address to its conductor, said " If there is anything further you want of me you will find me there, because it is no fault of you people." In the rejection of this evidence the defendant fails to show any harmful error. It is plain that the opinion of the witness touching the fault of the defendant was of no consequence. The rights of the parties depend upon the facts existing at the critical moments, and not upon the opinion of a bystander as to the inference to be drawn from those facts. But it is urged that the statement was contradictory to his evidence, or, at least, that its " implications . . . tend in a different direction " (*Liddle* v. *Old Lowell National Bank*, 158 Mass. 15), and was admissible for this reason as affecting the weight to be given to his testimony. It is not directly inconsistent with any testimony he gave. But the test is not whether there is a pointed contradiction between the testimony and the statement made on another occasion. It is enough if an opinion has been expressed by a witness, which is so incompatible with the facts he has testified to as a witness, that an honest mind, knowing the facts, would not be likely to entertain the opinion. *Whipple* v. *Rich*, 180 Mass. 477, 479. *Boyle* v. *Boston Elevated Railway*, 208 Mass. 41. This question is a rather close one, but the facts that before the accident the attention of the witness was distracted until the gong sounded, and that he did not hear the gong rung until an instant before the collision, and that the speed of the car one hundred feet before it reached the place of the accident was thirteen miles an hour, do not appear so irreconcilable with exoneration from blame of the defendant's servants under the circumstances of this case as to require us to sustain the exceptions. *Commonwealth* v. *Mooney*, 110 Mass. 99.

The requests for instructions need not be reviewed in detail. So far as they are not covered by what has been said, they related to particulars of evidence, which were fairly dealt with in the charge.

*Exceptions overruled.*