ADELAIDE P. FARRIS, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 15, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence*, In use of highway, Street railway.  *Evidence*, Estimate of distance, Admissions and confessions.

If one, who is driving with a horse and buggy in a city from an intersecting street into a street on which are parallel tracks of a street railway running straight for more than a quarter of a mile, sees a car approaching on the nearer track more than one hundred and fifty feet away, and, thinking that he has time to get across, proceeds to cross the tracks with his horse " trotting or walking or jogging," and if the car, which is coming at an unreasonable rate of speed, strikes the rear part of his buggy, it cannot be said as matter of law that he necessarily was negligent in attempting to cross, he not being bound to apprehend an unreasonable rate of speed of the car.

In an action by an administrator against a corporation operating a street railway for personal injuries sustained by the plaintiff's intestate from the collision of a car of the defendant with a buggy in which the intestate was driving, if there is evidence that the plaintiff's intestate, coming from an intersecting street, saw the car more than one hundred and fifty feet away approaching on a clear straight track and thought that he had time to cross in front of it but that the car coming at an unreasonable rate of speed struck the rear of the intestate's buggy, the testimony of an eyewitness, called by the plaintiff, that in his judgment the car was only twenty feet away when the horse of the plaintiff's intestate was driven from a place of safety into a place of danger, is not to be treated as an admission

of the plaintiff's intestate or of the plaintiff, but merely as an estimate of distance by a witness, which is to be considered by the jury with the other evidence.

TORT, by the administratrix of the estate of Benjamin W. Farris, for personal injuries sustained by the plaintiff's intestate at about 5.30 o'clock P. M. on December 31, 1908, from being run into by an electric car of the defendant, while he was attempting to drive across Columbus Avenue in Boston, as described in the opinion. Writ dated October 19, 1909.

In the Superior Court the case was tried before *Sherman,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury, with certain special questions to which the jury returned the answers which are stated in the opinion. The jury returned a general verdict for the plaintiff in the sum of $3,000 ; and the defendant alleged exceptions.

*E. P. Saltonstall,* for the defendant.

*G. H. Mellen,* (*C. R. Darling* with him,) for the plaintiff.

RUGG, C. J. This is an action for personal injuries received by the plaintiff's intestate while travelling with a horse and buggy on a public way in the evening, through collision with a car of the defendant. There was evidence tending to show that the accident occurred in Boston, on Columbus Avenue, which at this point was straight for more than a quarter of a mile and was about fifty-three feet wide between curbstones. Two tracks of the defendant ran in the middle part of the street. The plaintiff's intestate drove out of Davenport Street, which intersects Columbus Avenue on its easterly side, into Columbus Avenue, intending to cross the tracks to the westerly side of the street in order to go southerly on the avenue. There was a block of buildings on the southerly corner of Columbus Avenue and Davenport Streets, the distance from which to the nearest rail of the defendant was fifty feet, and as soon as the intestate could see past this block he looked up and down the street for cars and saw one approaching on the track nearer to him going northerly, but " beyond Benton Street," a street one hundred and fifty feet from Davenport Street. There was testimony that

he said that he saw "the car was not a dangerous distance," and also that as he was coming from Davenport Street "he saw a car way up the street and as he thought he had plenty of time to pass as the car was quite a distance." Other testimony was that the car was seventy-five yards away at that time.

The only evidence as to the speed of the horse was that it was either trotting or walking or jogging, but the driver did not urge it onward. There was no other car in sight and there was no traffic in the street except one wagon some distance away. The car struck the buggy on "the rear end," overturning it and injuring the plaintiff's intestate. There was a regulation of the board of aldermen of the city of Boston to the effect that "in approaching any public or private way intersecting that in which the railway is located the speed of the car must be reduced to such a rate as will make it possible to stop it immediately."

The jury found in answer to questions that the plaintiff's intestate was in the exercise of due care; that the gong was sounded before the accident; and that the car before the accident was being run at a reckless or unreasonable rate of speed.

The only question is whether as matter of law it can be said that the plaintiff's intestate was not in the exercise of due care at the time of the accident. Generally when a collision occurs between a street car and a horse-drawn vehicle at intersecting streets the question of due care of the driver of each is for the jury. Neither has an exclusive right to which the other must yield. Both have the rights and duties of travellers upon a common thoroughfare. The driver of the car, being limited to the tracks, while the driver of the horse-drawn vehicle has the freedom of the entire street, may anticipate that there will be no unreasonable obstruction of his narrow pathway. He has no right to expect that it will be wholly unimpeded. The distance of the car, when the plaintiff's intestate came in sight of it, is not proved to a certainty. It was "beyond" one hundred and fifty feet, but how much beyond is not clear. It must now be taken as a fact that the car was coming at an unreasonable rate of speed. The plaintiff's intestate thought he had time to get across. Evidence to that effect was admitted without objection and has been treated as entitled to consideration. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232. That his

judgment was not reckless is shown by the fact that it was the rear part of his wagon that was struck. A slight abatement of the unreasonable rate of speed, at which the' jury found the car was going, might have averted the injury. It cannot be said that the deceased was bound to apprehend an unreasonable rate of speed by the car. Although the case is close and reaches almost to the verge, we incline to the view that there was evidence enough to take it to the jury, and that it is governed by *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104; *Sellon* v. *Boston Elevated Railway*, 208 Mass. 507; *Mullen* v. *Boston Elevated Railway*, 209 Mass. 79, and like cases rather than by *Cokinos* v. *Boston Elevated Railway*, 209 Mass. 225, *Tognazzi* v. *Milford & Uxbridge Street Railway*, 201 Mass. 7, and *Dunn* v. *Old Colony Street Railway*, 186 Mass. 316.

The defendant in argument has relied strongly on the testimony of one eyewitness called by the plaintiff, that in his judgment the car was only twenty feet away when the horse left a place of safety and went into a place of danger. If this was the fact under the other conditions disclosed, the lack of due care of the decedent would have been plain. But this was not an admission by the decedent or by the plaintiff. It was simply an estimate of distance by a witness which the jury in view of their verdict must have regarded as accurate. It appears to have been contradicted by evidence as to the place of impact by the car upon the buggy.

*Exceptions overruled.*