JAMES H. FOSTER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Norfolk.   December 12, 13, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway, Street railway. *Practice, Civil,* Report.

It is not a lack of due care as matter of law for the driver of a horse attached to a slowly moving heavily loaded trucking wagon to start to cross parallel tracks of a street railway in a crowded street when he sees a car approaching on the farther track at a distance of two hundred and fifty or three hundred feet. He has a right to rely to some extent on the expectation that the motorman will exercise precaution to avoid a collision.

Where a motorman operating an electric street railway car in a crowded city street saw, or should have seen, two hundred feet ahead of him a horse

attached to a slowly moving heavily loaded trucking wagon being driven across the parallel tracks of the street railway, on the farther track of which his car was running, and then ran into the wagon, it can be found that he was negligent in not avoiding a collision.

It is improper for a judge of the Superior Court, in reporting to this court the evidence at a trial for determination of the question, whether there was evidence which warranted a submission of the case to the jury, to state in his report, "In my opinion the decided weight of the evidence was against the plaintiff."

TORT for personal injuries caused by a collision at the intersection of Dorchester Avenue and Summer Street in Boston on October 2, 1909, between a street car of the defendant and a team driven by the plaintiff. Writ dated October 27, 1909.

In the Superior Court the case was tried before *Wait*, J. The material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $7,500, and the judge, in accordance with an agreement between the parties described in the opinion, reported the case for determination by this court.

*C. H. Donahue,* (*G. F. James* with him,) for the plaintiff.

*L. E. Flye,* for the defendant.

RUGG, C. J. This is an action of tort to recover compensation for personal injuries received by a traveller on the highway through collision with a car of the defendant. On a bright dry day the plaintiff was driving a heavy, quiet horse hitched in a platform wagon with a load weighing from thirty-five hundred to forty-five hundred pounds, the total length of the wagon and horse being twenty-two to twenty-five feet, easterly along the right side of Summer Street, intending to turn to his left northerly on to Dorchester Avenue, which crossed Summer Street nearly at a right angle. In Summer Street there were two tracks of the defendant, from which two tracks diverged southerly into Dorchester Avenue. These two streets were in a busy part of Boston. The testimony as to the course of the plaintiff was conflicting, but there was evidence to the effect that as he approached the junction of the two streets he looked to the right on Dorchester Avenue for cars and wagons coming in that direction, and, finding that he could turn without danger from that source, he crossed these tracks and turned around the centre of the two streets, and then looked back on Summer Street in the direction from which he had come, and up Summer Street where he saw a covered wagon crossing the tracks

near the bridge about two hundred and fifty or three hundred feet away, and, there being no car between it and him, he started to cross Summer Street, keeping watch of teams in front which were going in both directions, and when his horse was on the inbound track he saw a car two or three car lengths away, which struck the hub of the off forward wheel, and moved the wagon four or five feet. His rate of travel was two miles an hour. There was evidence sharply contradicting this narration. But the aspect most favorable to the plaintiff warranted the finding that these were the facts.

It has been said often to be the general rule that collisions at intersecting streets between trolley cars and horse-drawn vehicles present questions of fact as to the due care and the negligence of the one in charge of each. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27. *Farris* v. *Boston Elevated Railway*, 210 Mass. 585. It cannot be pronounced a lack of due care for the driver of a slowly moving trucking wagon to start across a double track of a street railway in a crowded district where no car is visible on the farther track for a distance of two hundred and fifty or three hundred feet. He may rely to some extent on the motorman exercising precaution to avoid collision. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232. *LeBaron* v. *Old Colony Street Railway*, 197 Mass. 289. The physical facts are not so clear as to negative the estimate of distance given by the plaintiff, or to show that a car was in truth within his vision at the time when, according to his testimony, no car was in sight. The case is distinguishable in its facts from *Cokinos* v. *Boston Elevated Railway*, 209 Mass. 225, *Tognazzi* v. *Milford & Uxbridge Street Railway*, 201 Mass. 7, and other similar cases relied on by the defendant.

The negligence of the motorman under these circumstances was also for the jury. If his view of the plaintiff's horse and wagon on its way across the tracks was within his vision for two hundred and fifty feet, it might have been found that he could have avoided the collision. *Carrahar* v. *Boston & Northern Street Railway*, 198 Mass. 549. *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410.

The judge of the Superior Court (against the objection of the plaintiff, who contended that he had no right so to do) inserted in

the report, "If material, in my opinion the decided weight of the evidence was against the plaintiff." Such a statement has no proper place in a report like this. The judge thought at the close of the evidence that the plaintiff was not entitled to recover. But in order to save a retrial, it was agreed by the parties that the case should be submitted to the jury, whose verdict if for the defendant should be final; if for the plaintiff the verdict should be set aside and a verdict directed for the defendant, and the case reported to this court, judgment to be entered for the plaintiff for the amount of damages found by the jury, if the direction of the verdict was wrong under these circumstances. The opinion of the trial judge as to the weight of the evidence in this form presents no questions of law, and it is only questions of law which can be reported to this court in an action at law. *Electric Welding Co.* v. *Prince,* 200 Mass. 386.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $7,500.

*So ordered.*