JOHN A. ELLISON *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Essex.    November 5, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway.

It is evidence of negligence on the part of a motorman operating a street railway car toward a passenger in the car, that he approached an intersecting street, of which his view was obstructed by a building on the corner, at the rate of speed of twelve miles an hour without sounding a warning gong and that, until it was too late to avoid a collision, he wholly failed to hear or see a hose wagon, which, with its bell ringing continuously, was being driven along the intersecting street at a high rate of speed in response to a fire alarm, and that a collision occurred which injured the passenger.

TORT for personal injuries sustained by the plaintiff on the afternoon of October 2, 1910, when he was being transported as

a passenger on a street railway car of the defendant on Boston Street in Lynn at its intersection with Independence Square, from a collision of the car with a hose wagon drawn by a pair of horses that were being driven at a high rate of speed in response to a telephone alarm of fire.  Writ dated November 11, 1910.

In the Superior Court the case was tried before *Pratt*, J.  The evidence is described in the opinion.  At the close of the evidence the defendant asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence of negligence on the part of the defendant, its agents, servants or employees."

The judge refused to make either of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,132.  The defendant alleged exceptions.

*S. Parsons*, (*H. A. Bowen* with him,) for the defendant.

*R. L. Sisk*, for the plaintiff.

DE COURCY, J.  The plaintiff was a passenger, and was injured by reason of a collision between the car in which he was riding and a hose wagon that was responding to a still alarm for a fire. The only question in controversy is whether there was evidence to warrant the jury in finding that the collision resulted from the motorman's negligence.  Admittedly it does not avail the defendant that negligence on the part of the driver of the hose wagon may have concurred in causing the plaintiff's injury.  *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575.

The collision occurred on Boston Street in the city of Lynn, where its southerly line intersects the westerly line of Independence Square at substantially a right angle.  On this corner was erected a three story building, known as the Quinn Block, which extended fifty-seven feet on the street and thirty-two feet on the square. There was evidence from which the jury could find that on a fair though windy Sunday afternoon in October, the hose wagon was driven at a high rate of speed along the westerly side of Independence Square toward Boston Street, with its loud bell ringing continuously; that as the car proceeded easterly along Boston Street the Quinn Block prevented the motorman from seeing into Independence Square until his car almost reached the corner; that he approached this dangerous corner at a speed of twelve miles an hour, without sounding a warning gong; and that he

neither heard nor saw the approaching hose wagon until it was close upon him and his attention had been directed to it by one of the passengers in the vestibule. This evidence, if believed, warranted the jury in finding that the collision resulted from the motorman's failure to exercise the high degree of care he owed to his passengers to avoid exposing them to a danger from which he could not extricate them in safety. It is the case of a collision between an electric car and a wagon at intersecting streets, where the issue of the motorman's negligence is generally one of fact for the jury. *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27.

*Exceptions overruled.*