JAMES H. COLLINS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 20, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of Highway.

At the trial of an action against a corporation operating a street railway for in- juries to the plaintiff's horse and buggy, if the plaintiff's servant, who was driving the horse at the time of the accident, testifies that, before turning to drive across the parallel tracks of the defendant, he looked back for the distance of four hundred feet and saw that the tracks behind him were clear, and that, when he was driving diagonally across the tracks and just before he had reached the second track, a car on that track, coming from behind, either struck the axle of the buggy or, as testified by the driver's companion, "struck the buggy between the off forward wheel and the horse," and then stopped within its own length, there is no evidence that the driver was in the exercise of due care, because, when he turned to cross the tracks, the car must have been so near that if, as he testified, he looked and did not see it, he must have looked care- lessly.

TORT for injuries to the plaintiff's horse and buggy from being struck by a car of the defendant at about nine o'clock on the evening of June 25, 1910, when one McDonough was driving the horse across the defendant's tracks on Massachusetts Avenue in Cambridge, intending to go into Cambridge Street. Writ in the Municipal Court of the City of Boston dated October 15, 1910.

On appeal to the Superior Court the case was tried before *Fox,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant. The plaintiff alleged exceptions. It was stated in the bill of exceptions that McDonough "for the purposes of the case was admitted to be the plaintiff's servant." McDonough was accompanied by one Russell, who was helping him to bring a sick horse from Watertown to Charlestown. Russell was holding the rope

of the halter of the sick horse, which was following behind the buggy. McDonough was sitting at the left of the seat and Russell on the right.

*W. A. Buie*, for the plaintiff.

*G. E. Morris*, for the defendant.

LORING, J. This is an action in which the plaintiff seeks to recover damages for injury to his horse and buggy caused by a collision with one of the defendant's cars. Taking the view of the facts which is most favorable to the plaintiff, they were as follows:

At the time of the accident the horse was being driven by the plaintiff's servant, one McDonough by name. When McDonough came to the junction of Garden Street and Massachusetts Avenue in Cambridge, he saw an inbound car coming down the avenue. Thereupon he turned to the left and drove up the avenue until the inbound car had passed. He then looked with a view to crossing the tracks and saw an outbound car. To avoid that car he kept further on up Massachusetts Avenue, in all about two hundred feet. He then looked again to see if there was a car coming, and seeing that none was in sight, started diagonally across the tracks. When he started diagonally to cross the tracks his off forward wheel was about two feet from the nearer rail of the inbound track. When he had nearly traversed the space between the inbound and the outbound tracks, the left hand front corner of an outbound car hit the axle of the buggy, as he testified, or, as his companion testified, the corner of the outbound car "struck the buggy between the off forward wheel and the horse."

McDonough testified that he was driving at the rate of two and a half miles an hour, and that he was sure that he was not going faster than that when driving to go across the tracks. He also testified that when he looked for the last time he could see for a distance of two hundred feet beyond Garden Street, making the distance which he, at that time, said that he could see, four hundred feet, disregarding the width of Garden Street. There was no direct evidence as to the rate at which the car was going. McDonough's companion testified that the car went a car length after it hit the buggy, and there was no evidence to the contrary. The accident happened at nine o'clock in the evening of a day toward the end of June.

McDonough's story that he looked back for a distance of four

hundred feet just before he started to drive across Massachusetts Avenue, is an incredible one. His story was that the buggy was a Goddard buggy with the top up, one section only being turned back; that he was sitting on the left side, and yet that when "he stooped down and leaned in front of Russell," his companion on the right, he could see around the side of the buggy, which was up, and could look back for a distance of four hundred feet.

But taking his story as he put it, there was no case for the jury. A car which hit the forward wheel, or the "buggy between the off forward wheel and the horse," and which stopped within its own length, must have been so close when McDonough started to drive over the intervening twelve feet that it was negligent for him (McDonough) to have undertaken to cross in front of it. Under these circumstances, if McDonough looked he must have looked carelessly, and so is in the same situation as if he had not looked at all. The case comes within *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242; *Willis* v. *Boston & Northern Street Railway*, 202 Mass. 463; *Cokinos* v. *Boston Elevated Railway*, 209 Mass. 225.

The cases cited by the plaintiff do not require special notice. In the opinion of a majority of the court the exceptions should be overruled, and it is

*So ordered.*