WILLIAM D. WRIGHT vs. CONCORD, MAYNARD AND HUDSON
STREET RAILWAY COMPANY.

Middlesex. March 2, 1920. — April 3, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Motor vehicle, Street railway, Proximate cause. *Proximate Cause.*
*Practice, Civil,* Exceptions.

In an action against a street railway company for an injury to a motor vehicle
resulting from a collision with a street car on a curve in the street railway track
near the intersection of two streets, there was evidence that the collision occurred
on a dark night, that the front and rear lights of the motor vehicle were lighted,
that it was being driven at a moderate rate of speed on the right hand side of the
street, that some of the curtains behind the motorman were drawn, and that
the driver, seeing a vehicle approaching, supposed that it was a truck and had
no knowledge that it was a street car until, almost at the instant of the collision,
the searchlight of the street car was turned on. *Held,* that there was evidence
that the driver of the motor vehicle was in the exercise of due care.

At the trial of the action above described there also was evidence that the motor-
man saw the motor vehicle when it was one hundred feet away, that he gave no
warning of the approach of the street car and did not diminish its speed as it
rounded the corner. *Held,* that there was evidence of the defendant's negligence.

At the trial of the same action, there was evidence that at the instant of collision
the motorman turned on a high power searchlight which dazzled the driver of
the motor vehicle, and the judge instructed the jury, subject to an exception by
the defendant, in substance that they might determine whether the motorman
was negligent in thus turning on the searchlight at the time when the collision
was imminent. *Held,* that the exception must be sustained, because the turn-
ing on of the searchlight at the time of collision could not have caused the colli-
sion, and the defendant was prejudiced by the erroneous instruction.

TORT for injury to a motor car, owned by the plaintiff and
operated by his chauffeur, resulting from a collision with a street
car of the defendant near the junction of Main Street and Sudbury
Road in Concord. Writ dated October 1, 1913.

In the Superior Court the action was tried before *Hitchcock, J.*
Material evidence is described in the opinion. At the close of the
evidence the defendant moved that the judge order a verdict for
the defendant. The motion was denied. The defendant then re-
quested the judge to give to the jury, among other instructions,
the following:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the person operating the automobile was not in the exercise of due care."

"4. There is no evidence from which the jury can find any negligence on the part of either the motorman or the conductor of the street car.

"5. If the jury find that the automobile crossed or was crossing the street car track directly in front of the street car while the street car was moving then the person operating the automobile was negligent as a matter of law and the plaintiff is not entitled to recover."

"7. If the jury find that the automobile crossed or was crossing the street car track immediately in front of the street car while the street car was moving the jury must disregard any evidence that the person operating the automobile looked and did not see a street car approaching for he must be regarded as a matter of law under these circumstances to have looked carelessly and so was in the same situation as if he had not looked at all and is guilty of negligence which contributed to the accident and prevents the plaintiff from recovering."

These rulings the judge refused to give.

The judge instructed the jury in part as follows:

"It is claimed by the plaintiff as his chauffeur was coming along Main Street as he claims in a reasonably proper and careful manner that he did properly attempt to cross and did cross the street railway track where it turned to go up Sudbury Road, and that while he was doing that the car came upon the automobile and struck him and caused the damage that is claimed to have accrued to the automobile.

"On the other hand the plaintiff says that is due to carelessness in the operation of the street car and that the chauffeur in operating it was operating it in a proper manner and as a part of the operation and a part of the so called negligent operation of the street car it is claimed by the plaintiff that at the last moment right at the time almost of the impact between the two, that the motorman suddenly put on a blinding headlight and that so dazzled and affected the chauffeur in operating the automobile that he was not able at that time properly to get his car out of the way so but what an accident happened.

"Now, there is no negligence in having this high powered search-light upon the electric car . . . but the claim is made that in operating that headlight it was done in a careless and negligent manner. That is, if the headlight had been shining all the way upon the street there that would not be negligence even though that might blind the eyes as you are looking toward it, but the claim was made that it was turned on by the motorman right at the accident and in such a way and under such circumstances as to have the effect upon the chauffeur in operating the automobile and in such a way as to constitute a negligent and careless act on the part of the motorman in turning on the light when he did. That is one of the circumstances in the case and to be considered, and the question finally comes upon the two propositions, first, was there any carelessness or negligence on the part of the motor-man of the car which brought about the cause of the injury to the property of the plaintiff."

At the close of the charge, the defendant saved exceptions to such portions of it as in substance instructed the jury that they might consider the act of the motorman in turning on the head-light as negligence.

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*H. L. Barrett,* (*E. C. Thayer* with him,) for the defendant.

*A. T. Johnson,* for the plaintiff.

CARROLL, J. The plaintiff's automobile was damaged by a collision with one of the defendant's cars near the junction of Main Street and Sudbury Road, Concord. The defendant's tracks are in the middle of Main Street; at the intersection of the two streets they leave Main Street and run to the side of Sudbury Road, which branches off from Main Street at an acute angle. On a dark night in August, 1913, the plaintiff's chauffeur was driving an automobile along the right hand side of Main Street. He testified that as he approached the intersection of the two ways he saw a small light which he thought was a "truck light" on a vehicle moving toward him on Main Street. He knew of the intersection of the two streets and that the street cars ran on Main Street and in and out of Concord Square, but had no knowledge that the tracks turned into Sudbury Road at that point. As the automobile drew near the car track the street car entered the

curve, the direction of the headlight varied a little and, as the chauffeur was crossing the track, the searchlight of the car was turned on, as he testified, blinding him so that he. could not see. He at once threw on his brakes and brought the automobile to a standstill, when it was struck and damaged by the defendant's street car.

There was evidence that the driver of the automobile was in the exercise of due care. The jury could find that he was on the right hand side of the street, supposed the vehicle he saw approaching him on Main Street was a truck, and had no knowledge that it was a street car until the searchlight was turned on almost at the instant the collision occurred. There was evidence of the darkness, that the front and rear lights of the automobile were lighted, that the automobile was moving at a moderate rate of speed, and that some of the curtains behind the motorman were drawn. *Halloran* v.. *Worcester Consolidated Street Railway*, 192 Mass. 104, 105. *Eustis* v. *Boston Elevated Railway*, 206 Mass. 143. *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27, 29.

The motorman saw the plaintiff's automobile at least one hundred feet away from him. There was evidence that no warning of the approach of the street car was given and that its speed was not diminished as it rounded the curve. The jury could find that the motorman should have known that the automobile was moving toward the track; that some warning should have been given and the car placed under proper control; that in the exercise of proper care the defendant could, if necessary, have stopped the car and prevented the collision. *Fallon* v. *Boston Elevated Railway*, 201 Mass. 179, 181. *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 492. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519, 521.

There was sufficient evidence, therefore, of the defendant's negligence and of the plaintiff's due care, and we assume, without deciding, that the allegations of the plaintiff's declaration were sufficient to permit his recovery.

But in one respect there was error. The judge instructed the jury that, while there was no negligence in having the high power searchlight on the car, they might consider the conduct of the motorman in turning on this light at such a time and in such a way as to dazzle the chauffeur, and left it to them to determine whether

the motorman was in fact negligent in turning on the searchlight at the time when the collision was imminent. This instruction was excepted to by the defendant. The evidence showed that, as the plaintiff's automobile entered the track, the searchlight was turned on and at that instant the car struck the automobile. When the searchlight was turned in the face of the chauffeur he then was on the track and it does not appear that at this time it was possible to have avoided the collision. There was no evidence to support the contention that the turning on of the searchlight was the cause of the collision, and, as the instruction, that the motorman could have been found to have been negligent if he turned on this light at the time, was erroneous and harmful to the defendant, the exceptions must be sustained.

*So ordered.*