MICHAEL CONNOLLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
ABRAHAM SOLOMON *vs.* SAME.

Suffolk.   May 17, 1920. — June 22, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* In use of highway, Street railway.

At a trial of an action against a street railway company for personal injuries, received in 1917 when a horse drawn wagon which the plaintiff was driving was run into by an electric street car operated by the defendant, there was evidence tending to show that, previous to the accident, the street car was running down hill at a speed of twenty miles an hour northerly on the more easterly of two tracks upon a street in a city, that the plaintiff was driving his horse at an ordinary trot westerly toward the track on an intersecting street with a steep descending grade, that when his horse was on the track he "looked out" and "saw the car forty paces away from . . . [him] forty feet," that he thought that he could "push . . . [his] way across by the time," that owing to the steep grade of the street, he could not back the team, and that the street car struck the front wheels of the wagon.  There also was evidence that, in violation of rules of the defendant, no bell was sounded nor other warning given of the approach of the street car. *Held,* that

(1) In the absence of other evidence as to the surrounding circumstances, it could not be said as a matter of law that negligence of the plaintiff contributed to cause his injury;

(2) Findings were warranted that the street car was negligently operated at an excessive speed and without warning signals;

(3) No reason appeared for not applying the general rule that, at the trial of an action for personal injuries or property damage due to a collision between an electric street car and a team at intersecting streets, the questions of due care on the part of the plaintiff and of negligence on the part of the motorman are for the jury.

TWO ACTIONS OF TORT, the first for personal injuries and the second for damages to a horse and wagon resulting from a collision on October 23, 1917, between the team, which was being driven by the plaintiff in the first action, and an electric street car of the defendant.  Writs dated March 19, 1918.

In the Superior Court the actions were tried together before *Hammond,* J.  The material evidence is described in the opinion.

At the close of the plaintiffs' evidence, the judge ordered a verdict for the defendant in each action and reported them for

determination by this court with "the stipulation of the parties that if, in either case, the plaintiff should have been allowed to go to the jury, and the order directing the verdict was wrong, judgment shall be entered as follows:" for the plaintiff in the sum of $300 in the first action and for the plaintiff in the sum of $100 in the second action.

The cases were submitted on briefs.

*J. W. Tushins,* for the plaintiffs.

*H. S. MacPherson,* for the defendant.

CROSBY, J. These are two actions of tort, the first to recover for personal injuries, the second for damage to property. The plaintiff Connolly was injured while travelling with a horse and wagon belonging to his employer, Solomon, by reason of a collision of the wagon and an electric car of the defendant at the intersection of Warren and Maywood streets, in the city of Boston.

Warren Street at the place of the accident runs in a northerly and southerly direction, and on it were two tracks of the defendant; from the easterly side it is entered by Maywood Street at a steep descending grade. The plaintiff Connolly (who will hereafter be referred to as the plaintiff) drove out of Maywood Street, and his wagon was struck by a north bound car; the tracks at this point are down hill in the direction in which the car was travelling. The plaintiff testified that as he drove down Maywood Street the horse was going at an ordinary trot; that he stopped at the corner of the street and "looked out saw the car forty paces away from . . . [him] forty feet. The horse was already on the track and . . . [he] thought . . . [he] could push . . . [his] way across by the time;" that when the horse got to the track he could not back the team because of the steep grade up Maywood Street; and that the car struck the front wheels of the wagon.

The evidence of the plaintiff is to the effect that he thought he had time to cross the track. It cannot be said as matter of law that his judgment was reckless or that he attempted to cross without any regard for his safety. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. *Farris* v. *Boston Elevated Railway,* 210 Mass. 585.

Although a plan seems to have been referred to and testimony received with reference to it at the trial, it is not before us, and

it does not appear from the record whether the plaintiff could have seen the approaching car before his horse reached the track or whether his view was obstructed, on what part of Warren Street the tracks were laid, nor what the distance was from the easterly line of Warren Street to the inbound track. In these circumstances, it cannot be held as matter of law that the plaintiff should have looked for a car before his horse reached the track; nor that if he had so looked, he could have known of its approach. These were questions of fact for the determination of the jury upon the evidence before them. *Horsman* v. *Brockton & Plymouth Street Railway,* 205 Mass. 519. *Driscoll* v. *Boston Elevated Railway,* 223 Mass. 533. *Davis* v. *Worcester Consolidated Street Railway,* 234 Mass. 297.

There was evidence that the car was running down grade at the time of the accident at a speed of twenty miles an hour, and that no bell was sounded or other warning given as it approached Maywood Street, as called for by the defendant's rules; upon this evidence the jury could have found that the motorman was negligent in operating his car at an excessive and unreasonable rate of speed at that time and place, and was negligent in failing to give the signals required.

The general rule where a collision occurs between an electric car and a team at intersecting streets is to leave the questions of due care on the part of the plaintiff and of negligence on the part of the motorman to the jury. There seems to be no reason why that rule should not apply in the case at bar. *Halloran* v. *Worcester Consolidated Street Railway,* 192 Mass. 104. *Farris* v. *Boston Elevated Railway, supra.*

The case is distinguishable in its facts from *Hurley* v. *West End Street Railway,* 180 Mass. 370, and *Ferguson* v. *Old Colony Street Railway,* 204 Mass. 340, relied on by the defendant.

In accordance with the report, judgment is to be entered for the plaintiff in the first case, for $300; and for the plaintiff in the second case, for $100.

*So ordered.*