SAMUEL COHEN *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk. January 9, 10, 1929. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence*, Street railway, In use of way, Contributory. *Joint Tortfeasor.*

Evidence, at the hearing in a district court of an action by a passenger on an electric street car against the street railway company for personal injuries suffered when he was thrown down because the car came into collision with a coal wagon, that the collision was at the intersection of two streets in a city, that the wagon was drawn by one horse, that the defendant's motorman saw the wagon when it was thirty-five feet away, that thereafter the car travelled twenty-five feet and the wagon ten feet, and that the front part of the car came in contact with the left front wheel of the wagon, warranted a finding that the defendant was negligent.

A finding for the plaintiff was warranted in the action above described, even if the injuries were due to the concurrent negligence of the driver of the wagon and of the motorman.

TORT for personal injuries. Writ in the District Court of Chelsea dated May 13, 1927.

Evidence at the hearing in the District Court is described in the opinion. The judge found for the plaintiff in the sum of $420 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*L. R. Chamberlin,* (*R. J. Cook* with him,) for the defendant.
*T. F. Murphy,* for the plaintiff, submitted a brief.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff, while a passenger on an electric car of the defendant, by reason of its collision with a coal wagon.

The entire evidence consisted of interrogatories propounded by the plaintiff to the defendant and the answers thereto, and the testimony of the plaintiff. He testified that he was sitting on a seat on the right side of the car as it was travelling on Broadway in Chelsea, and as he was about to alight at the corner of Medford Street there was a "terrible shock" and he fell on the floor; that he saw there was some kind of collision; that he felt a bump as if the car had struck something.

In response to interrogatories the defendant stated that on the day of the accident it was operating a street railway on Broadway, in Chelsea, at or near Medford Street, and that one of its cars came into collision with a coal wagon; that the wagon was drawn by one horse; that the front part of the car came in contact with the left front wheel of the wagon; that at the time the wagon appeared to be going across Broadway; that it was about thirty-five feet away from the car when the motorman first saw it, and the car travelled about twenty-five feet before it came into collision with the wagon; that the wagon travelled about ten feet from the time the motorman first saw it until the time of the collision; that the plaintiff was a passenger on the car.

The foregoing is all the material evidence on the question of liability. The defendant rested at the conclusion of the plaintiff's case, and requested the judge to rule that upon the evidence the plaintiff could not recover, that there was no evidence of negligence of the defendant, and that it must be ruled that the plaintiff was not in the exercise of due care. Although the evidence as to the circumstances attending the collision is somewhat meagre, the rulings could not properly have been given. The undisputed evidence, that the plaintiff while sitting in the car was thrown upon the floor as a result of the collision, amply justified a finding that he was in the exercise of due care.

As to the negligence of the defendant, it is admitted that the collision occurred at or near the intersection of Broadway and Medford Street; that the motorman saw the wagon, about thirty-five feet away, as it was crossing Broadway; and that the wagon went only about ten feet when the car struck its left front wheel. Upon this evidence it could have been found that, if the defendant had exercised that high degree of care which it owed the plaintiff, it could have avoided the collision. It is admitted by the defendant that the collision occurred at the intersection of the streets, or at least in close proximity thereto. The case is governed by the general rule that in actions for injuries caused by collision between an electric car and a wagon at intersecting streets, the question of the negligence of the motorman is one of fact for the determination of the jury, or, in a case like the present, when tried without a jury, for the determination of the judge. *Smith* v. *Holyoke Street Railway*, 210 Mass. 202. Even if the injuries to the plaintiff were due to the concurrent negligence of the driver of the wagon and of the motorman, the plaintiff might be entitled to recover against the defendant. The case is governed by *Doherty* v. *Boston & Northern Street Railway*, 207 Mass. 27, 30, *Smith* v. *Holyoke Street Railway, supra,* *Foster* v. *Boston Elevated Railway*, 214 Mass. 61, *Ellison* v. *Boston & Northern Street Railway*, 216 Mass. 180, *Wright* v. *Concord, Maynard & Hudson Street Railway*, 235 Mass. 456; and is distinguishable from *Stangy* v. *Boston Elevated Railway,*

220 Mass. 414, *Sandler* v. *Boston Elevated Railway*, 238 Mass. 148, *DiLeo* v. *Eastern Massachusetts Street Railway*, 255 Mass. 140, and other cases cited by the defendant.

*Order of Appellate Division
dismissing report affirmed.*