DENNIS MURPHY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
ALVIN F. SORTWELL *vs.* SAME.

Middlesex.    November 11, 1909. — January 7, 1910.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway.

Where a traveller, who is driving on a city street containing parallel tracks of a street railway, has occasion to cross both tracks, and, seeing two cars approaching, going in the same direction in which he has been travelling, stops his horse and waits until both of them have passed and until the second car has gone so far that he can see the farther track for a sufficient distance to enable him to cross that track without being struck by a car approaching from the opposite direction at a proper rate of speed, and then, after listening and hearing no gong, although the rules of the railway company require a gong to be sounded by one car passing another at that place, he proceeds until his horse has stepped between the rails of the farther track, when he sees a car coming from such opposite direction at a rate of speed which is dangerous at such a place without warning signals, and then tries to back off the track but his horse is struck by the fender of the car, and he is thrown out and injured, in an action brought by him against the railway company for his injuries there is evidence for the jury that he was in the exercise of due care.

The rule laid down in *Lundergan* v. *New York Central & Hudson River Railroad*, 203 Mass. 460, that one, who approaching a grade crossing of a steam railroad when a train is due looks for the train at a point where he knows that his view is obstructed and fails to look for it later where he knows that if the train is coming he can see it plainly, has looked carelessly as matter of law, is not to be applied with the same strictness to travellers in a public street who have occasion to cross the tracks of street railways, such travellers having the right to expect that the street cars will be so driven as not to interfere unduly with the exercise by travellers of their right to cross the street.

TWO ACTIONS OF TORT against the Boston Elevated Street Railway Company, the first for personal injuries by reason of being run into by a car of the defendant while the plaintiff was driving a horse attached to a depot wagon on Massachusetts Avenue near the corner of Trowbridge Street in Cambridge on December 31, 1907, and the second by the owner of the horse and wagon for loss of property by reason of the same collision, the plaintiff in the first action having been the servant of the plaintiff in the second action.  Writs dated January 22, 1908.

In the Superior Court the cases were tried together before *Hardy*, J.  There was evidence tending to show the following facts: Immediately before the accident the plaintiff Murphy, who was a coachman in the employ of the plaintiff Sortwell, was driving a depot wagon owned by Sortwell on the northerly side of Massachusetts Avenue in Cambridge, in a westerly direction.  When he reached Putnam Square he wished to enter Mount Auburn Street which runs into Putnam Square on the southerly side, and to do so it was necessary to cross the double tracks of the defendant in Massachusetts Avenue. Trowbridge Street enters Massachusetts Avenue at a right angle on the northerly side at Putnam Square, about opposite the end of Mount Auburn Street.  When Murphy reached the corner of Trowbridge Street two cars of the defendant were passing him going in a westerly direction upon the northerly or outbound track.  At the same time a car of the defendant (not the car which struck the plaintiff) was approaching going in an easterly direction upon the southerly or inbound track. The foremost of the outbound cars came to a stop at the west side of Trowbridge Street opposite a cross walk running from the north to the south side of Massachusetts Avenue.  The rear car followed along slowly and did not come to a full stop.  The

inbound car also stopped at the east side of Trowbridge Street. The presence of these three cars made it impossible for Murphy to cross the defendant's tracks when he first reached Trowbridge Street, and he therefore brought his horse and depot wagon to a full stop to wait for the cars to pass and the tracks to become clear so that he could cross in safety. While the depot wagon was thus standing at rest, the front wheels were just over a cross walk running from the north to the south side of Massachusetts Avenue opposite the easterly side of Trowbridge Street, which was forty feet to the east of the cross walk at which the outbound car stopped. The plaintiff remained at rest until the second of the two outbound cars had passed four or five feet beyond the westerly cross walk. Murphy testified that he then looked to the left. He reined his horse in preparing to start across the tracks. He did not hear anything. He did not see anything. He did not hear any gong ring. He " crossed over and looked up to the right again," and then saw the car which struck him coming from Harvard Square. When he looked to the right and first saw the car, the horse was between the inward rails, and the motorman's head was turned toward the right.

The car when he first saw it was about two car lengths, or seventy feet, away, travelling at the rate of about twelve miles an hour according to Murphy's estimate. From the evidence as to the distance that the horse was dragged under the fender and as to the noise made by the collision, the jury would have been warranted in finding that the car was travelling even faster than twelve miles an hour. As soon as Murphy saw the car approaching he concluded that he could not get across the inbound track without being struck. Instead, therefore, of driving ahead and taking his chance of being struck in the rear by the car, he reined in his horse and tried to back off the track. He swung his horse toward the east and had backed a couple of steps when the horse was struck by the fender of the car, was torn from the shafts and was dragged twenty or twenty-five feet under the fender. Murphy was thrown from the wagon and was picked up at the rear wheels of the car.

The plaintiff introduced in evidence a rule of the defendant requiring its motormen both to sound their gongs and shut off their power when approaching a street like Trowbridge Street.

At the close of the plaintiff's evidence the defendant asked the judge to order a verdict for the defendant on the ground that there was no evidence of due care on the part of the plaintiff. The judge refused to do this, and submitted the case to the jury, who returned a verdict for the plaintiff in each of the cases, in the first case in the sum of $1,300 and in the second case in the sum of $200. The defendant alleged exceptions, it being stated in the bill of exceptions that the only question presented was whether the plaintiff Murphy was in the exercise of due care.

*H. D. McLellan,* for the defendant.

*B. G. Davis,* for the plaintiffs.

SHELDON, J. These two actions are brought, one for injuries to the person of the plaintiff in the first case (hereinafter called the plaintiff), and the other for injuries to the property of the plaintiff in the second case, caused by a collision of one of the defendant's cars with a carriage driven by the plaintiff. The only question raised by the defendant's exceptions is whether there was any evidence of due care on the plaintiff's part. We do not think it necessary to recapitulate the evidence on this point. The defendant contends that the case comes under the rule laid down in *Saltman* v. *Boston Elevated Railway,* 187 Mass. 243. See also *Bartlett* v. *Worcester Consolidated Street Railway,* 189 Mass. 360. But while there is some resemblance, we are of opinion that this case differs from the Saltman case, and that it was properly submitted to the jury. The plaintiff according to his testimony did not start to cross the tracks until the second outbound car had got so far beyond him that he could see the track upon which was the car that ran into him, for what the jury might find to be a sufficient distance to warrant him in undertaking to cross. He had the right to rely somewhat upon the fact that he heard no gong from this car, which one of the defendant's rules required to be sounded while passing the other car. *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476. He had the right to expect that the defendant's car would not be driven at so dangerously high a rate of speed without the usual and required warning signals as to involve danger of a collision; and this is to be taken into account in judging his conduct.

He looked and listened for an approaching car.   *Orth* v. *Boston Elevated Railway*, 188 Mass. 427, 429.   The principle of *Lundergan* v. *New York Central & Hudson River Railroad*, 203 Mass. 460, is not to be applied with the same strictness to travellers in a public street who have occasion to cross the tracks of street railways and who have the right to expect that the street cars will be so driven as not unduly to interfere with the exercise of this public right.   *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63.   *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542.   *Hennessey* v. *Taylor*, 189 Mass. 583, 586.   *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway*, 200 Mass. 277.

The question of the plaintiff's due care was rightly submitted to the jury.

*Exceptions overruled.*