WILLIAM S. HORSMAN vs. BROCKTON AND PLYMOUTH
STREET RAILWAY COMPANY.

CHARLES H. DAVIS vs. SAME.

Plymouth. March 8, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

In an action against a street railway corporation for personal injuries from being run into by a car of the defendant, when the plaintiff was attempting to drive in a covered delivery wagon from an intersecting driveway across a single track of the defendant at the side of a road in a town, where it was necessary to cross the track to reach the main part of the road, there was evidence that for a dis- tance of about eighty-five feet before reaching the track of the defendant the driveway by which the plaintiff was approaching the track was lined with trees and shrubbery in full foliage obstructing the view on the side from which the car was coming, but that before reaching these obstructions at least three hundred feet of the track could be seen clearly. The plaintiff, who was familiar with the vicinity, testified that at this point he leaned forward and looked down the track and saw no car, that he then sat back and drove on at a moderate rate of speed, listening for vehicles whose approach might require him to change his course until he was run into by the car of the defendant, which was moving at a high rate of speed and was sounding no gong, that in the previous summer he had worked for the defendant as a motorman and had operated electric cars over the same track, and that the rule of the railway company was for the motorman to run the cars slowly and ring the gong when approaching a driveway or crossing. The plaintiff also testified that he acted upon his judgment that if a car came along at the usual rate of speed he had ample time to get over the track. *Held*, that the question whether the plaintiff was in the exercise of due care was for the jury, who were to say whether the plaintiff was justified in assuming that he had time to cross the track in safety or whether he should have stopped and alighted to ascertain whether a car was coming before attempting to cross the track, and also were to say how far the plaintiff, from his knowledge of the defendant's method of operating its cars in reducing their speed and sounding the gong at intersecting streets and driveways, was justified in relying on an assumption that these precautions would be continued and that the motorman would not act carelessly.

In an action against a street railway corporation for personal injuries from being run into by a car of the defendant moving at a high rate of speed along a single track of the defendant at the side of a road in a town, when the plaintiff was attempting to cross the track from an intersecting driveway, if there is evi- dence that the car of the defendant was moving at a rate of speed forbidden by the ordinances of the town and also that the motorman was violating a rule of the defendant which required him to run the car slowly and ring the gong in approaching a driveway or crossing, there is evidence for the jury of negligence on the part of the motorman for which the defendant would be responsible.

BRALEY, J.  In the first case the plaintiff sues for personal injuries caused by a collision of the defendant's car with the team which he was driving, while the second action is brought by the owner for damages to his horse and wagon.  At the close of the evidence verdicts for the defendant were ordered, because the presiding judge * was of opinion as matter of law "that it appeared that at the time of the accident the plaintiff was not in the exercise of due care," and the question for decision is whether the ruling was erroneous.

It is doubtless true, as the defendant strongly urges, that since the elimination of horse cars and the substitution of electricity passengers desire rapid transportation, and for their accommodation a heavier and more expensive equipment has been provided, with increased speed.  But this demand, even when properly recognized within reasonable limits, does not relieve the carrier from compliance with the law of the road, subject only to the modifications often pointed out, that the path of the car is fixed, while travellers, either on foot or in vehicles, may use the entire way so far as it has been fitted and opened for public travel.  *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170, 173.  *Wright* v. *Boston & Northern Street Railway*, 203 Mass. 569.

Although the general rule is established, that, where a highway crosses the tracks of a steam railroad at grade and when such conduct is necessary for his safety, a traveller who neglects to take the precaution either to look or listen for approaching trains before crossing, but passes on and is injured, cannot recover because he has failed to act with ordinary prudence, this rule of conduct, which has become a rule of law, has not been applied in favor of street railway corporations in their use of the public ways.  *Hennessey* v. *Taylor*, 189 Mass. 583. *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170, 173. *O'Brien* v. *Lexington & Northern Street Railway*, *ante*, 182. If so applied, it would not only unduly delay traffic on the principal streets of cities and towns which generally are selected for a franchise by the company, but would render the streets extremely dangerous for the accommodation of the general public, for whose use they were primarily designed.  *Common-*

---

* *King*, J.

*wealth* v. *New York Central & Hudson River Railroad*, 202 Mass. 394, 398. If companies operating interurban lines running over highways, which for long distances are not subjected to much public travel, should have the privilege of an exclusive and paramount right of way analogous to that conferred upon steam railroads, it is for the Legislature to grant the right and to define the conditions under which it shall be exercised.

The defendant in the management of the car at the time and place of the accident was required so to regulate its speed, and if necessary to sound the gong, that travellers using due care while passing upon the track from intersecting driveways or streets,* should not be imperilled by collisions. *Driscoll* v. *West End Street Railway*, 159 Mass. 142. *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170, 173. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Fallon* v. *Boston Elevated Railway*, 201 Mass. 179.

The plaintiff was passing down the driveway to turn into the street, when the team as it reached the track was struck by a car coming from the south. For a distance of about eighty-five feet above the track, the driveway on the south side was lined with trees and shrubbery in full foliage obstructing the view either of the track or of cars coming from that direction. But before reaching this point, at least three hundred feet of the track extending southerly from the intersection of the driveway could be clearly seen. The plaintiff in the first case, who was familiar with the vicinity, testified that at this point he leaned forward and looked down the track, but, not seeing a car he sat back and drove on at a moderate rate of speed, listening meanwhile for vehicles whose approach might require him to change

---

* The accident occurred at the junction of the Rutan driveway and Warren Avenue in Plymouth. A single track of the defendant runs at the side of Warren Avenue where the Rutan driveway enters it at nearly a right angle, so that immediately upon emerging from the driveway it is necessary to cross the track to get into the road. The plaintiff in the, first case was driving from the Rutan driveway in an order and delivery wagon, belonging to the plaintiff in the second case, with a covered top and with sides of canvas or oiled duck. The plaintiff in the first case testified that in the summer preceding the accident he had worked for the defendant as a motorman and had operated electric cars over the same track. He testified that the rule of the railway company was for the motorman to run the cars slowly and ring the gong when approaching a driveway or crossing.

his course. If the jury believed this evidence, they could have found that a failure again to look where in passing he knew that any further observation would have been effectually prevented until he arrived so near the track that he could not turn back before being hit, was uncalled for by way of further precaution. *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542. Naturally he must have been aware that cars were passing at intervals, but, whether he acted upon his judgment, as he said he did, that if a car came along at the usual rate of speed he had ample time to get over, or whether he should have stopped, alighted and ascertained, before attempting to cross, whether a car was coming, were questions of fact and not of law. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway*, 181 Mass. 591. *Orth* v. *Boston Elevated Railway*, 188 Mass. 427. *Hennessey* v. *Taylor*, 189 Mass. 583. *Robbins* v. *Dartmouth & Westport Street Railway*, 203 Mass. 546. *O'Brien* v. *Lexington & Northern Street Railway*, *ante*, 182.

In passing upon the plaintiff's conduct, his knowledge of the defendant's method of operating its cars as to speed, and sounding the gong at intersecting streets, which he testified was not rung, was relevant. If from previous experience as a motorman in its employ or as a passenger he knew that ordinarily the defendant took these precautions, how far the presumption of their continuance and the presumption that the motorman would not act carelessly should have influenced him in deciding to proceed, were questions for the jury. *Driscoll* v. *West End Street Railway*, 159 Mass. 142. *O'Brien* v. *Lexington & Northern Street Railway*, *ante*, 182. *Finch* v. *Mansfield*, 97 Mass. 89, 92.

Nor is the case at bar governed by the decision in *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340, on which the defendant places much reliance. In that case, the plaintiff without taking any precautions drove directly in front of an oncoming car, which by the exercise of ordinary prudence he could have seen and avoided.

We are accordingly of opinion that there must be a new trial, and, as the question of the defendant's negligence has been argued and may then be presented, it should be decided. If upon the evidence which was sufficient for the purpose the jury were satisfied that the car was moving at a rate of speed for-

bidden by the ordinances of the town, as well as in violation of the rules of the railway company, and without giving the customary signal of its approach, they would be warranted in finding that the accident was caused by the negligence of the motorman, for whose acts the defendant would be responsible. *Wright* v. *Malden & Melrose Railroad*, 2 Allen, 283. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119.

*Exceptions sustained.*

*J. H. Vahey*, (*P. Mansfield* with him,) for the plaintiffs.

*H. F. Hurlburt*, (*J. T. Connolly* with him,) for the defendant.