M. FRANCES BERRY, administratrix, *vs.* NEWTON AND BOSTON STREET RAILWAY COMPANY.

SAME *vs.* SAME.

Norfolk.    March 30, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* In use of highway, Gross, Due care of plaintiff.    *Street Railway.*

If an electric street car, which is behind time, is run on a single track through the main thoroughfare of a village at a speed of about twenty-five miles an hour without sounding a gong or giving any warning of its approach, and in crossing an intersecting street runs down a traveller crossing the main street on foot, throws him a distance of ten feet from the car with such force that he rolls ten feet farther, and then continues on its way without stopping, this is evidence of gross negligence toward the traveller on the part of the motorman and the conductor of the car.

A traveller on foot, who is about to cross the main thoroughfare of a village, on which, three feet from the sidewalk, is the single track of a street railway where electric cars run at stated intervals with which he is familiar, is not necessarily negligent in starting to cross the street without looking for a car which he reasonably may suppose already to have passed, but which, being behind time, is approaching at great speed and runs him down.

If a traveller on foot, who, coming from an intersecting street, is about to cross the main thoroughfare of a village, on which, three feet from the sidewalk, is the single track of a street railway where electric cars run at stated intervals with which he is familiar, knowing that no car then is due from the right, looks to the right and sees no car, and, when approaching the track, is accosted by an acquaintance, to whom he waves his hand, and then passes forward behind a large tree in the sidewalk, which cuts off his view of the track on the right until he is within a step of the first rail, and, pausing for a relatively short space of time, he then goes on the track and is run down and killed by a car, which is behind time and is approaching from the right at great speed and without warning, the administrator of his estate is not necessarily precluded from recovering for the death of his intestate thus caused, the question of the due care of the intestate being for the jury.

BRALEY, J.  The plaintiff sues in the first action to recover damages at common law for the conscious suffering, and in the second action under R. L. c. 111, § 267, now St. 1906, c. 463, Part I. § 63, as amended by St. 1907, c. 392, c. 428, § 4, for the death of her intestate.  But no evidence was introduced at the trial, as the judge * on the opening for the plaintiff ordered verdicts to be returned for the defendant.

If the proof might have failed to support the actions, our decision must go upon the ground that the plaintiff's evidence would have corresponded with the statements on which the right of recovery was rested.  The questions for decision, therefore, are, whether, taking the opening to be true, the jury would have been warranted in finding that at the time of the accident the defendant was negligent or that its servants were guilty of gross negligence, and that the intestate was in the exercise of due care.

The car, which was behind time, was being run through the main thoroughfare of the village † at a speed of some twenty-five miles an hour, or twice the speed of an ordinary car, without sounding the gong or giving any warning of its approach.  It had attained such momentum at the intersecting street, where the intestate was struck, that he was thrown a distance of ten feet from the car, and then by force of the impact rolled some ten feet farther, while the car did not stop after the collision, but continued on its way.  To operate a street railway car in

* Wait, J.

† The village was in that part of Needham called Highlandville or Needham Heights, the main thoroughfare was Highland Avenue and the intersecting street from which the plaintiff's intestate came was West Street.

this manner, and under the conditions described, was evidence of gross negligence under the statute of its motorman and conductor. *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410, 413. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519, 521. *Galbraith* v. *West End Street Railway*, 165 Mass. 572, 580, 581. *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77. *Spooner* v. *Old Colony Street Railway*, 190 Mass. 132. *McNamara* v. *Boston & Maine Railroad*, 202 Mass. 491.

The defendant, however, urgently insists that there were no affirmative statements, which, if proved, are sufficient to warrant an inference that the intestate was ordinarily prudent, and that his conduct at the time of the injury rests on the merest conjecture. A few moments before the collision he left his place of business, and passing along the intersecting street in the direction of his home, it became necessary for him to cross the street railway, consisting of a single track located about three feet from the edge of the sidewalk of the street through which it ran. To his right, from which direction the car came, were trees more or less intercepting the view especially if a car was approaching at high speed, while the tree nearest to him in the sidewalk over which he was going was of such size and so close as to preclude any actual observation in that direction until passed, when a step would bring him to the track rail. While proceeding on his way, and when in close proximity to the track, he was accosted by an acquaintance to whom he waved his hand, and then went forward, passing behind the tree, " paused for a relatively short space of time and then went on to the track." The exceptions recite, " that just before that, when he was addressed, he looked in the direction from which the car came," and " that this car was not due to go by there . . . at that time, and except for a warning, or seeing a car, he had no reason to expect there would be a car there at the time he crossed," and that " at the time he reached the crossing the next car due there " was a car coming from the opposite direction. It further appears, as we have said, that the car being late was running outside of the schedule time, and " it passed some minutes after the time when it was supposed to pass and was known to be due." It was stated, that the running time of the cars, the location of the track, the usual

rate of speed, and the general conditions of public travel at the place were well known by him, and the inference would have been justified, that as he came to the track he supposed that the car had passed. The general rule whether a plaintiff has shown that he used due care, ordinarily said Mr. Justice Colt in *Gaynor* v. *Old Colony & Newport Railway,* 100 Mass. 208, 212, "is to be settled as a question of fact, in each case as it arises, upon a consideration of all the circumstances disclosed, in connection with the ordinary conduct and motives of men, applying as the measure of ordinary care the rule that it must be such care as men of common prudence usually exercise in positions of like exposure and danger. When the circumstances under which the plaintiff acts are complicated, and the general knowledge and experience of men do not at once condemn his conduct as careless, it is plainly to be submitted to the jury. What is ordinary care in such cases, even though the facts are undisputed, is peculiarly a question of fact, to be determined by the jury under proper instructions. It is the judgment and experience of the jury, and not of the judge, which is to be appealed to." The rule governing the conduct of travellers at railroad crossings has no application when they are using a public way through which street cars are running at stated intervals. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30, 36. *Hennessey* v. *Taylor,* 189 Mass. 583, 586. *Finnick* v. *Boston & Northern Street Railway,* 190 Mass. 382, 386. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Murphy* v. *Boston Elevated Railway,* 204 Mass. 229. *O'Brien* v. *Lexington & Boston Street Railway,* 205 Mass. 182, 184. *Rogers* v. *Phillips,* 206 Mass. 308. *Doherty* v. *Boston & Northern Street Railway,* 207 Mass. 27, 29. And it would be an extreme position to take, that a pedestrian was bound at his peril to take precautions to avoid or look for a street car, where, according to the time schedule with which he was familiar, he might reasonably believe that it had passed, and that, if he failed to look before stepping to the track and was injured, he should be precluded from recovery. The cases of *Howland* v. *Union Street Railway,* 150 Mass. 86, 88, and *Finnick* v. *Boston & Northern Street Railway,* 190 Mass. 382, decided, that failure to take this precaution under conditions very closely analogous was not a bar as matter of law. See also *O'Brien* v. *Lexington*

*& Boston Street Railway*, 205 Mass. 182, 184, 185, and cases cited. It also appears, that almost up to the very moment of collision the movements of the intestate were observed, and from his conduct the jury with " their knowledge of the habits of thought and mind and the natural instincts of men " could find that he was using the street in the ordinarily careful way, and continued to exercise the same degree of caution and observation in passing over the intervening space to the point where he was unexpectedly struck. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257, 265. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519, 522. In *Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276, the intestate was killed from a shock of electricity caused by the defendant's negligence in permitting a broken wire charged with the current to be suspended in the street where the deceased was passing, and with which he came in contact, but there was no positive evidence of his movements immediately preceding his death. It was held, however, following *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, 382, that " it is not necessary that any positive act of care shall be proved. It may be inferred from the absence of fault, when sufficient circumstances are shown fairly to exclude the idea of negligence on his part." It cannot conclusively be presumed that with no thought for his safety the plaintiff's intestate heedlessly and voluntarily permitted himself to be placed in jeopardy. *Robbins* v. *Dartmouth & Westport Street Railway*, 203 Mass. 546, 548.

If as he was about to step forward he again had looked, it may be that the unanticipated car, even if moving at an unusual and excessive speed, might not have been so closely upon him, but that he could have drawn back and avoided being injured. But, whether under all the circumstances he ought to have done so, should have been left to the jury to decide.

*Exceptions sustained.*

*J. W. Allen*, (*H. W. Packer* with him,) for the plaintiff.

*P. F. Drew*, for the defendant.