OWEN E. SCANLON, administrator, *vs.* BERKSHIRE STREET RAILWAY COMPANY.

MARTIN E. EAGAN *vs.* SAME.

Berkshire.    September 9, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* In use of highway, Street railway. *Evidence,* Common knowledge.

A traveller on a public way, either on foot or driving in a vehicle, while he is required at all times to exercise reasonable prudence, has a right to rely to a certain extent on the assumption that a motorman operating a street railway

car when approaching the crossing of an intersecting street will take ordinary precautions to avoid a collision.

If an experienced teamster, who is driving a pair of horses attached to a cart from an intersecting street and is about to cross a much travelled street where street cars are operated, as he passes over the cross walk with his team moving slowly, looks toward an approaching car almost four hundred feet distant, and then does not look again until just before the car, which is being driven at an excessive and unlawful rate of speed, strikes the cart after the horses have nearly if not quite gone over the track, he is not negligent as matter of law, and, in an action against the street railway company for causing his death, it is for the jury to say whether he should have looked again or whether he properly could rely on the expectation that the speed of the car would be slackened.

In an action against a street railway company for causing the death of the plaintiff's intestate, who was driving a pair of horses attached to a cart from an intersecting street across a track of the defendant, when his cart was struck by a car moving at an excessive rate of speed, the jury from their experience and common knowledge may infer that the intestate did not intend deliberately to expose himself and his employer's property to the chance of injury by attempting to pass in front of an approaching car when it was so near that a collision appeared to be unavoidable.

Two ACTIONS OF TORT, the first action by the administrator of the estate of John Scanlon for causing the death of the plaintiff's intestate by a collision of a street railway car, operated by servants of the defendant, with a cart in which the plaintiff's intestate was driving a pair of horses from West Housatonic Street in Pittsfield into South Street in that city on December 11, 1911; and the second action by the owner of the horses and cart for injury to his property by the same collision. Writs dated January 18 and February 17, 1912.

In the Superior Court the cases were tried together before *Sanderson*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for the defendant in each of the cases. The judge refused to do this, and submitted the cases to the jury, who returned a verdict for the plaintiff in the first case in the sum of $3,500 and a verdict for the plaintiff in the second case in the sum of $300. The defendant alleged exceptions, including an exception to the admission of certain evidence which was waived.

*J. B. Ely*, for the defendant.

*C. H. Wright*, for the plaintiffs.

BRALEY, J. The exceptions to the admission of evidence having been waived, the defendant's sole contention is, that there was

no proof of the decedent's due care. It appears that after the accident he never recovered consciousness, and his conduct must be determined from the recollection of eyewitnesses and the attendant circumstances. If the facts which the testimony would warrant the jury in finding are equally consistent with an inference of his due care, or of his negligence, nothing remains except mere conjecture, and the verdicts cannot be sustained. *French* v. *Sabin*, 202 Mass. 240. *Taylor* v. *Pierce Bros.* 213 Mass. 247.

A traveller on a public way, whether on foot or driving a team as in the case at bar, while required to act with reasonable prudence, has the right to rely to some extent on the assumption, that a motorman operating an electric car will take ordinary precautions at intersecting streets to avoid collisions. *Hennessey* v. *Taylor*, 189 Mass. 583. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519. *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159. *Foster* v. *Boston Elevated Railway*, 214 Mass. 61.

The jury could have found not only that the decedent was a careful teamster of large experience thoroughly familiar with the streets of the city, the regulation of traffic, and the operation of cars therein, but, as he came through the cross street with the team moving slowly, and passed over the cross walk, the car, from which the motorman had an unobstructed view of the track for a thousand feet, was being driven in violation of a city ordinance at an excessive rate of speed. As the decedent drove over the cross walk one of the plaintiff's witnesses saw him look toward the approaching car, which then was not quite four hundred feet distant, although he did not look again until shortly before the collision, when the car struck the wagon after the horses had nearly if not quite gone over the track. It was a question for the jury under these conditions whether the decedent, who was not called upon to anticipate an unreasonable or unlawful rate of speed, saw the car when he first looked, and, judged by the conduct of the ordinarily prudent man similarly situated, was justified in proceeding, or whether he should have looked again, as well as whether he properly could rely upon the speed of the car being slackened in a street shown by the evidence to have been subjected constantly to a large amount of public travel. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232. *Horsman* v. *Brockton & Plymouth Street Railway*, 205 Mass. 519. *O'Brien* v. *Lexington &*

*Boston Street Railway,* 205 Mass. 182, 184, 185.　*Farris* v. *Boston Elevated Railway,* 210 Mass. 585.

The jury furthermore from their common experience properly could infer, under the circumstances, that the decedent did not intend deliberately to expose himself or his employer's property to the chance of injury by attempting to pass in front of an oncoming car, if its proximity was such that a collision appeared to be unavoidable.　*Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276, 281, 282, and cases cited.　*Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100, 103.

The ruling requested was properly refused, and the exceptions must be overruled.

*So ordered.*