OTIS W. RICHARDSON *vs.* HAVERHILL AND AMESBURY STREET RAILWAY COMPANY.

Norfolk.   March 27, 1914. — May 22, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway.   *Automobile.*

If a motorman is operating a street railway car in winter upon a single track at a part of the road where he knows that for some days the snow drifts have compelled the drivers of vehicles to travel on the track without the means of turning off on either side, and yet, with his view obstructed by frost on the glass in front of him, runs the car at the rate of thirty miles an hour and fails to see an approaching automobile, which he could have seen a quarter of a mile away by looking across a field and could have seen nearly five hundred feet away by  .

looking along an unobstructed track, until it is only one hundred and twenty-five feet ahead of him, and then runs into it with such force as to push it backward about one hundred and twenty feet, these facts are evidence of his negligence in an action against the street railway company for injuries to the automobile caused by the collision.

Where a single track of a street railway is laid in the middle of a highway and, because of an accumulation of snow due in part to the operation of the snow ploughs used by the street railway company to clear the track, the track at a certain place is the only part of the highway in which the drivers of vehicles can travel, if a traveller in an automobile when passing through this place, sees a street railway car approaching a quarter of a mile distant, and being unable to turn out on either side or to back his car successfully to a place of safety, brings it to a stop and tries by means of a bulb horn and an exhaust whistle to warn the motorman of his presence, and in spite of this the car runs into him moving at the rate of thirty miles an hour and damages his automobile, in an action brought by him against the street railway company for this injury to his property these facts are evidence that he was in the exercise of due care at the time of the collision.

TORT to recover damages for injuries to a large limousine automobile of the plaintiff from being run into on January 14, 1910, by a street railway car of the defendant running on a single track on the State highway and main road leading from Amesbury through Merrimac and Haverhill to Boston.   Writ dated April 12, 1910.

In the Superior Court the case was tried before *McLaughlin,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover.   The judge refused to make this ruling, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,465.19.   The defendant alleged exceptions.

The case was submitted on briefs.

*J. J. Ryan, R. C. Pingree & J. T. Fitzgerald,* for the defendant.

*G. L. Mayberry,* for the plaintiff.

DE COURCY, J.   The plaintiff's automobile was struck by an electric car of the defendant at Amesbury on January 14, 1910. There was abundant evidence to justify a finding that the motorman was negligent, and we do not understand that the defendant argues to the contrary.   He knew that for some days the snow drifts had compelled drivers of vehicles to travel on the track at the place of the collision, and that they could not turn off on either side; yet it could be found that he ran his car at a speed of thirty miles an hour, with his view obstructed by frost on the

glass in front of him.   He did not see the automobile until it was only one hundred and twenty-five feet ahead of him, although it could have been seen a quarter of a mile away by looking across the field, and there was an unobstructed view along the track for nearly five hundred feet.   He testified that, when his car was going at the rate he said this one was moving, he could stop it at one hundred feet; yet it struck the plaintiff's limousine with such force that the latter was pushed backward about one hundred and twenty feet.   *Davis* v. *Boston & Northern Street Railway,* 214 Mass. 98.

On the evidence the issue of the plaintiff's due care also was for the jury.   The defendant's tracks were within the limits of the highway, and the plaintiff could use no other portion of the road near the place of the collision because of the accumulation of snow — a condition due in part to the operation of the defendant's snow ploughs.   *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159. *George G. Fox Co.* v. *Boston & Northern Street Railway,* 217 Mass. 140.   It could be found that after the plaintiff saw the approaching car a quarter of a mile distant he acted as a reasonably prudent man would act under the circumstances.   The snow bank on his right and the steep slope on his left made it impossible to turn out on either side.   Apparently there was not sufficient time before the collision to back his car successfully to a place of safety. He brought his machine to a stop and endeavored, by means of a bulb horn and exhaust whistle, to warn the motorman of his presence, so that by conference they might arrange to pass each other.   Even if the plaintiff had sent his chauffeur ahead to stop the electric car when it became apparent that his signals were unheeded, it does not appear that the messenger could have reached a point where his warning would prevent the collision. *George G. Fox Co.* v. *Boston & Northern Street Railway, ubi supra,* and cases cited.

*Exceptions overruled.*