WILLIAM A. DAVIS vs. WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester. December 1, 1919. — January 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Street railway, Motor vehicle.

At the trial of an action against a street railway company for personal injuries caused by a collision of a street car of the defendant with a motor vehicle driven by the plaintiff, there was evidence tending to show that, previous to the collision, the plaintiff was approaching the defendant's track from a driveway, that his view of the track toward his right, the direction from which the street car was approaching, was so obstructed by trees and bushes that he could see only the track directly in front of him until the forward part of his vehicle was on the track; that, when he was twelve feet from the nearest rail of the track, he stopped his vehicle, without stopping the engine, and listened for an approaching street car and for the sound of a whistle or gong and heard none; that then he proceeded slowly to cross the track and the collision immediately occurred. *Held*, that the question, whether negligence of the plaintiff contributed to cause his injury, was for the jury.

At the trial above described, there also was evidence tending to show that the defendant's street car was approaching the intersection with the driveway on an ascending grade, that the motorman knew of the existence of the driveway and that its intersection with the path was a place of danger, that customarily a warning signal was given by cars approaching the driveway, that the motorman gave no such signal, that, after the collision, the street car carried the motor vehicle thirty feet and came to a stop soon afterwards. *Held*, that the question, whether the motorman was negligent, was for the jury.

TORT for personal injuries received on September 8, 1917, and alleged to have resulted from a collision between a motor vehicle which the plaintiff was driving and a street car negligently operated by the defendant. Writ dated September 17, 1917.

In the Superior Court the action was tried before *Sanderson*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $922.92; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

*C. E. Tupper,* for the plaintiff.

CROSBY, J. The plaintiff sues for personal injuries caused by a collision between an automobile driven by him and an electric car of the defendant. The collision occurred at the intersection of Lancaster Street, a public way in Leominster, and a road or driveway, referred to as Reed Avenue, leading from Lancaster Street in a northeasterly direction to the house of one Flood. At the time of the accident the car was proceeding in a southerly direction on Lancaster Street upon an ascending grade. There was evidence that cars stopped on signal at a white post about thirty feet southerly of the driveway to receive and discharge passengers; that the car track was located on the extreme northeasterly side of the street; that a growth of trees and bushes obstructed the view of a person on the driveway of a car approaching from the north; and that in some places the bushes extended along the highway close to the track. As to whether a car travelling in a southerly direction could be seen by a person on the driveway, and if so, to what extent, the evidence was conflicting. The plaintiff testified that no part of the track could be seen by him as he approached the street, except that which was directly in front of him; and that owing to the growth of trees and bushes in full foliage he could not see a car coming from the north until the forward part of his automobile was on the track. He further testified that when about twelve feet from the outer rail he stopped his machine (but did not stop the running of the engine) and listened for an approaching car and for the sound of a whistle or gong; that from his position only that part of the track in front of him was visible; that, hearing nothing, he started his machine and proceeded at slow speed to cross the track, and that immediately thereafter the collision occurred.

It appears from the record that the jury viewed the place in the vicinity of the accident.

On the testimony of the plaintiff and the other evidence it could not properly have been ruled even at common law that he had failed to show he was in the exercise of due care. That was a question of fact and was rightly submitted to the jury.

The case at bar is governed by such cases as *Horsman v. Brockton & Plymouth Street Railway,* 205 Mass. 519; and is distinguish-

able from *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340, and *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, relied on by the defendant.

Whether the conduct of the motorman warranted a finding of negligence on his part presents a question of greater difficulty; but we are of opinion that this issue was also for the jury. On the testimony of the plaintiff and that of other witnesses, it could have been found that the motorman knew of this driveway, and that because of the growth of trees and bushes the point of its intersection with the highway was a place of danger; that reasonable diligence on his part required him to sound the whistle or ring the gong; that it had been usual to give such warning signal when cars approached the driveway; and that he failed to do so. It could also have been found that although the car was proceeding on an up grade when the collision occurred, its impetus was such that the automobile was pushed along the track to the white post, a distance of thirty feet, and the car came to a stop soon afterwards. If this evidence was believed, the jury could have found that the speed of the car as it came to the driveway without any warning of its approach, under the circumstances, was excessive; and if they so found, that the motorman was negligent. *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104. *Horsman* v. *Brockton & Plymouth Street Railway*, *supra*, and cases cited.

*Exceptions overruled.*