WALTER B. CLAYTON *vs.* HOLYOKE STREET RAILWAY COMPANY.
HENRY S. ELY *vs.* SAME.

Hampden.    September 23, 1920. — October 14, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence*, Street railway, In use of highway, Contributory. *Proximate Cause.*
    *Practice, Civil*, Judge's charge, Exceptions.

At the trial of an action of tort against a street railway company for personal injuries received in a collision of a motor car, which the plaintiff was driving, with an electric street car of the defendant at the intersection of streets in a thickly settled district of a city, there was evidence tending to show that the street car with a dim headlight was approaching the intersection of the streets at about nine o'clock at night in December, that it was running at the rate of from forty to fifty miles an hour and that no signal or warning of its approach was given; that the plaintiff approached the intersection of the streets from the motorman's right and, shortly before reaching it, stopped where he supposed a person riding with him lived, that, before proceeding, he sounded his horn and looked up and down the intersecting street and listened and neither saw nor heard any street car or other vehicle approaching, and that when he reached the street car track he was travelling at the rate of six miles an hour; that after the collision the street car jumped the track, ran against a hydrant and turned completely around, while the motor car was driven one hundred and sixty-five feet by the force of the collision. The jury viewed the scene of the accident. *Held*, that
    (1) There was evidence of negligence of the defendant's motorman;
    (2) It could not be said as a matter of law that the plaintiff was negligent.

Two ACTIONS OF TORT, the first for personal injuries and the second for damage to a motor car resulting from a collision of the motor car, when being driven by the plaintiff in the first action, with an electric street car of the defendant at about nine o'clock at night on December 17, 1915, at the intersection of Hampden Street and Pine Street in Holyoke. Writs dated April 21 and July 2, 1917.

In the Superior Court the actions were tried together before *Irwin*, J. The material evidence and exceptions saved by the defendant are described in the opinion. The portion of the charge of the judge, referred to in the opinion as objected to in this court but not specifically called to the attention of the judge nor excepted to at the trial in the Superior Court, was as follows:

"Now, a person does his full measure of duty when he puts himself under the care of skilful persons to look after him during his convalescence period, and what happens to him as a natural consequence of the treatment that is being received at the hands of skilful physicians and surgeons is deemed to be the proximate cause [result] of his injury. Now, it isn't the direct cause [result] because the direct injury that he received was the result of the collision. And this breaking of the bone of the leg the second time, by falling in the hospital, is deemed to be, in the eyes of the law, a natural sequence of the situation that was created by the wrongful conduct of the defendant, and he is liable for it. It isn't a thing that ordinarily would follow in the natural course of events, but it followed as a consequence of the condition that was created by the act of the defendant, and the responsibility for that is placed upon the defendant, and not upon the injured person. Quite a recent case of that kind was in our own court . . . [Here the judge read from the opinion in *Hartnett* v. *Tripp*, 231 Mass. 382, at page 385, and continued] . . . "And I so instruct you here in this case: that is, what befell Clayton in the hospital must be found, in order to hold the defendant liable for it, to be the proximate, the nearby, the necessary thing to do under the circumstances. In determining that you may consider whether or not he was following the directions of his surgeon. Did . . . [the attending physician] . . . say that he had permitted or allowed or advised or directed that he get about the hospital?"

The jury found for the plaintiff in the first action in the sum of $3,500; and for the plaintiff in the second action in the sum of $1,050; and the defendant alleged exceptions.

*J. P. Kirby,* (*D. H. Keedy* with him,) for the defendant.

*R. P. Stapleton,* (*F. J. McKay* & *R. A. Allyn* with him,) for the plaintiffs.

DE COURCY, J.   These two actions, tried together, are for personal injuries and property damage growing out of a collision between an electric car and an automobile, at the intersection of Hampden and Pine streets in Holyoke.

The first exception is to the judge's denial of the defendant's motion for a directed verdict. There was ample evidence of the motorman's negligence. It could be found that the electric car, with a dim headlight, was proceeding easterly on Hampden Street; that when it approached Pine Street, in a thickly settled district, it was running at from forty to fifty miles an hour, and that no gong or whistle was sounded. The car jumped the track after the collision, ran against a hydrant on the sidewalk, and turned completely around; and the automobile was driven by the force of the collision a distance of one hundred and sixty-five feet. The due care of Clayton (herein referred to as the plaintiff) was also for the jury. They could find on the evidence that he came northerly along Pine Street, and stopped a short distance from Hampden Street, where he mistakenly supposed his passengers lived; that before proceeding to cross Hampden Street he sounded his horn, looked up and down that street and saw no car, and listened for the approach of cars or other vehicles but heard none; and that when he reached the track he was travelling only six miles an hour. The jury viewed the premises, and observed to what extent his view toward the west would be obstructed by buildings, trees and poles. It was for them to determine when this swiftly moving car would come into view from Pine Street, and whether the plaintiff, in the exercise of due diligence for his safety, could and should have seen it in time to avoid the collision. *Evensen* v. *Lexington & Boston Street Railway,* 187 Mass. 77.   *Halloran* v. *Worcester Consolidated Street Railway,* 192 Mass. 104.   *Robinson* v. *Springfield Street Railway,* 211 Mass. 483, and cases cited.   *Gagnon* v. *Worcester Consolidated Street Railway,* 231 Mass. 160.

There was no error in the judge's refusal to instruct the jury

that "There is no evidence that the plaintiff's fall in the hospital, some eight or nine weeks after the collision, was the natural and proximate result of his original injury and the plaintiff can recover no damages on account of any injury he may have received from his fall." The testimony of the plaintiff and the physician, although meagre, warranted the jury in finding that while Clayton was attempting with the aid of crutches to walk in the hospital he slipped on the floor and fell, — thereby fracturing his leg a second time. *Hartnett* v. *Tripp,* 231 Mass. 382, and cases cited.

The defendant also argues that the judge in the course of his charge erroneously told the jury, in effect, that the defendant was responsible for the second fracture, as matter of law. While this portion of the charge is open to criticism, the defendant's counsel did not except to it at the trial, and cannot avail of it now. If he had called the erroneous statements to the attention of the judge, it is fair to assume that they would have been corrected. Indeed the jury were charged, as requested by the defendant, that "The burden of proof is upon the plaintiff to prove that his fall in the hospital was the natural and proximate result of his injury occasioned by the collision with the street car, and not the result of a separate, independent and intervening act for which the defendant is in no way responsible."

*Exceptions overruled.*