JOHN SALISBURY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 31, April 12, 1921. — September 15, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway, Contributory, In use of motor vehicle.

As a general rule in actions for personal injuries or property damage resulting from collisions occurring at intersecting streets between electric street railway cars and motor vehicles or horse drawn vehicles, the issues of negligence of the motorman of the street car and of negligence or due care of the driver of the other vehicle are for the jury.

At the trial of an action of tort against a street railway company for personal injuries received when a motor vehicle, in which the plaintiff was seated beside the driver, was run into by an elevated street railway car at intersecting streets, there was evidence tending to show that, as the motor vehicle approached the intersection of the streets, it was travelling at the rate of not more than ten miles an hour, that the street car was approaching the intersection of the streets from the plaintiff's right and was travelling as fast as thirty-five miles an hour, that, when the plaintiff was about seventy feet from the point of collision, he looked

to his right and could see up the track of the defendant one hundred and fifty feet and that there was no car in sight, that, when the motor vehicle was on the street railway track, the plaintiff called the driver's attention to the approaching street car, that no gong was sounded on the street car and that the motorman did nothing to stop the car until it was about seven feet from the motor vehicle. *Held,* that

(1) The question, whether the motorman was negligent, was for the jury;

(2) Irrespective of G. L. c. 231, § 85, the question of the plaintiff's due care was for the jury;

(3) The question, whether the plaintiff should have looked again to his right when he reached the curb of the intersecting street, was for the jury;

(4) While it was the plaintiff's duty to exercise reasonable care for his safety, he might well trust something to the expectation that the driver of the motor vehicle would act with due regard for his own safety, and might assume that an electric street car would not approach an intersecting street at a rate of speed three or four times that of the motor vehicle;

(5) It could not be ruled as a matter of law that the driver of the motor vehicle was negligent and that his negligence was imputable to the plaintiff.

TORT for personal injuries resulting from a collision of an electric street car of the defendant with a motor vehicle in which the plaintiff was riding beside the driver, the plaintiff and the driver having the same employer. Writ dated July 23, 1917.

In the Superior Court the action was tried before *Fessenden*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found, in answer to a special question, that Murray, the driver of the motor vehicle in which the plaintiff was riding, was not guilty of negligence, and found for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

The case was argued at the bar in March, 1921, before *Rugg*, C. J., *De Courcy, Pierce, Carroll, & Jenney*, JJ., and afterwards was submitted on briefs to all the Justices.

*J. T. Hughes*, for the defendant.

*W. J. Barry*, for the plaintiff.

DE COURCY, J. Speaking generally, when collisions occur at intersecting streets [between trolley cars and automobiles or horse drawn vehicles, the issues of the negligence of the motorman and of the driver present questions of fact for the jury. *Foster* v. *Boston Elevated Railway*, 214 Mass. 61, 63, and cases cited. *Scanlon* v. *Berkshire Street Railway*, 215 Mass. 554. *Gaffney* v. *Bay State Street Railway*, 221 Mass. 457. *Davis* v. *Worcester Consoli-*

*dated Street Railway*, 234 Mass. 297. *Clayton* v. *Holyoke Street Railway*, 236 Mass. 359. The facts, as the jury could find them, bring this case within the general rule. At about six o'clock on an April evening in 1917 the plaintiff was riding in an automobile driven by one Murray. They rode along Winthrop Street, travelling in an easterly direction, until they reached Blue Hill Avenue; and were crossing that avenue when the automobile was struck by an electric car of the defendant, which was on the easterly or inbound track, going in a northerly direction.

There was ample evidence to warrant the jury in finding that the motorman was negligent. It could be found that no gong was sounded when the electric car approached Winthrop Street; that it was going as fast as thirty-five miles an hour at the time of the collision; and that the motorman did nothing to stop the car until it was about seven feet from the automobile.

There was evidence entitling the plaintiff to go to the jury on the issue of his due care. He was seated at the left of the driver, Murray. He testified that when on Winthrop Street, fifty feet from Blue Hill Avenue, he looked to the right, could see up that avenue about one hundred and fifty feet, and that there was no car in sight. He was then almost seventy feet from the point of collision; and the accident must have occurred within five seconds thereafter, according to his testimony that the automobile was going at not more than ten miles an hour or fourteen and two thirds feet a second. If the electric car was running at a speed of thirty-five miles an hour, as testified to, or fifty-one feet a second, it was more than two hundred and fifty feet distant from the point of collision when the plaintiff looked, and not within his view. It is strongly argued by the defendant that the plaintiff should have looked again when he reached the curb line of Blue Hill Avenue, and before proceeding to the point of collision, nineteen and a half feet distant. That was for the jury to determine, as a question of fact. As was said by *Morton*, J., in *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410, 412, where the plaintiff had to drive thirty or forty feet before he crossed the tracks. "It cannot be said as matter of law that with the car three or four hundred feet away he should have stopped and waited for it to go by, or that, though he could easily have seen the car if he had looked, he was not warranted in relying upon the look that he had given and the judgment that he

had formed before he started to cross." See also *Donovan* v. *Bernhard,* 208 Mass. 181; *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100; *O'Toole* v. *Boston Elevated Railway,* 211 Mass. 517; *Shea* v. *Boston Elevated Railway,* 217 Mass. 163, 165; 9 A. L. R. 1248, note. While it was the plaintiff's duty to exercise reasonable care for his safety in crossing the avenue, he might well trust something to the expectation that Murray, who was in control of the automobile, would act with due regard for his own safety, and might assume that an electric street car would not approach an intersecting street at a rate of speed three or four times that of the automobile, and without any warning of its approach being given by the motorman. We realize that the conflicting testimony as to speed and distances is largely based on mere estimate. But on all the evidence, and quite apart from the due care statute (G. L. c. 231, § 85), the plaintiff was entitled to go to the jury on the questions whether by exercising reasonable diligence for his safety he could and should have seen the approaching car before attempting to cross the tracks, whether he should have waited for the car to go by, and whether his conduct before and after the danger of a collision became imminent measured up to the standard of what an ordinarily prudent man in like circumstances would do for his own safety. *Clayton* v. *Holyoke Street Railway,* 236 Mass. 359, 361, and cases cited. *Scherer* v. *Boston Elevated Railway,* 238 Mass. 367.

Plainly it could not be ruled as matter of law that the driver, Murray, was negligent and that his negligence was imputable to the plaintiff; for the reason, among others, that Salisbury did something for his own protection, by looking in the direction from which the car later came, and by calling Murray's attention to the approaching car when they were on the track. *Griffin* v. *Hustis,* 234 Mass. 95. *Fahey* v. *Director General of Railroads,* 235 Mass. 510.

A majority of the court are of opinion that the exceptions should be overruled; and it is

*So ordered.*